REINOLDT KLATTENBURG, APPELLEE, V. OLAF QUALSETT, APPELLANT: AUGUSTA ANDERSON, APPELLEE.

FILED OCTOBER 26, 1925.   No. 24421.

Interest. The provisions of section 8, art. I of the Constitution of the United States, that "Congress shall have power * * * to coin money," and "regulate the value thereof," do not forbid a state from legislating within its discretion on the subject of rates of interest, nor are contracts for the payment of interest invalidated thereby.

APPEAL from the district court for Boone county: LOUIS LIGHTNER, JUDGE. *Affirmed.*

*Willis E. Reed* and *F. A. Bald,* for appellant.

*Vail & Flory* and *Williams & Williams, contra.*

*H. Halderson, A. H. Murdock* and *Moyer & Moyer, amici curiæ.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

This is an ordinary action for the foreclosure of certain real estate mortgages. The pleadings of the appellees in the court below set forth the note and mortgages sought to be foreclosed and are in the customary form. The answer of the appellant thereto in effect admits all the essential averments of the opposing pleadings, but challenged the right of appellees to recover any interest whatsoever, although the instruments in suit contain express provisions for the payment thereof, because it is alleged by appellant that sections 2834-2837, Comp. St. 1922, are repugnant to that portion of section 8, art. I of the federal Constitution, which provides that "Congress shall have power to coin money, regulate the value thereof, and of foreign coin," etc., and also repugnant to certain other sections of the Constitution referred to in appellant's answer, because of the nature of the business carried on by appellant. To this answer a reply was filed by appellees, in effect, a general denial.

On the hearing of this cause in the court below evidence was introduced by appellant. After hearing the evidence the district court entered a decree finding generally in favor of the appellees and against the appellant, and providing for foreclosure and sale as prayed. No bill of exceptions was filed in this case, and by this fact the issue now before this court is further narrowed to the single question: "Can any natural person enter into a valid contract with another

person requiring the payment of interest?" Appellant contends for the negative of the question as above stated.

In consideration of this contention it is not to be forgotten that since the adoption of the Constitution in 1787 the enforcement of written contracts bearing interest has been a matter of daily occurrence in all of the courts of the land. All of our states have adopted interest and usury statutes similar to those involved in this case. The supreme court of the United States, as well as the supreme courts of all the states, have repeatedly upheld the validity of these statutes, when attacked, as a proper exercise by the states of police power; also that the business transactions of the nation proceed and are carried on upon the commonly accepted basis that these statutes are valid, and that interest-bearing contracts, otherwise unobjectionable, are enforceable obligations.

Now we are met with the proposition that the provisions of the notes and mortgages in suit, providing for the payment of interest, strictly within the limitations of the Nebraska statutes, and in form heretofore universally deemed valid and enforceable, must be declared by this court to be illegal and void solely because of alleged repugnancy of our interest statute to the provisions of the federal Constitution. Certainly, before this court departs from the path so long traveled, and proceeds to terminate the well-established order of affairs so long maintained, the most cogent and impelling reasons should be forthcoming to sustain the contention now advanced.

In the present case, because of the limitation of the record, appellant can offer but one argument upon which to support his contention, which is substantially as follows: The Constitution provides that "Congress shall have power to coin money," and "regulate the value thereof;" that interest determines or "regulates" the value of money; that to prescribe the rate of interest or provide for interest by contract or by statute is, in truth, to affect or "regulate" the value of money. Therefore, the words quoted above reserving to congress the exclusive right to "regulate the value there-

of" are an implied limitation on the powers of the states to pass any law whatsoever upon the subject of interest; that our state statutes above referred to are therefore beyond the power of the state and void; that no federal law providing for interest is applicable, and, the recovery of interest being prohibited at common law, there is no law which would support the decree of foreclosure providing for interest in the present case.

It is thought that counsel is in error in his construction of the words "regulate the value thereof." "It has been justly remarked that the power 'to coin money' would, doubtless, include that of regulating its value, had the latter power not been expressly inserted." 2 Story, Constitution of United States (5th ed.) sec. 1117.

"Value," as that term is used in the Constitution, is the true, inherent, and essential value, not depending upon accident, place, or person, but the same everywhere and to every one. *Bank of North Carolina v. Ford,* 27 N. Car. 692. In this sense regulating the "value" of the coinage is merely determining and maintaining the coinage composed of certain coins within certain limitations at a certain specific composition and weight. In this constitutional sense the term "value" is not concerned with the question of interest any more than with wheat, pork, labor, rent, land, or automobiles, all of which, in the sense the term "value" is used in appellant's brief, may be said to measure or determine from time to time the "value" of the coins or money of the nation. It therefore follows that state interest statutes providing for a legal rate of interest, prohibiting all interest in excess thereof as usury, etc., do not in any manner contravene any limitation of the federal Constitution and are valid exercise of the police power reserved to the states. *Beach v. Peabody,* 188 Ill. 75. See, also, *Ex parte Berger,* 193 Mo. 16, 112 Am. St. Rep. 472; *Munn v. Illinois* (dissenting opinion by Justice Field), 94 U. S. 113, 136; *Morley v. Lake Shore & M. S. R. Co.,* 146 U. S. 162.

In the case of *Beach v. Peabody, supra,* which involves

the same question we have here, Justice Magruder says in part: "The value of the use of money, or the rate of interest which a lender is entitled to receive for the use of his money, is an entirely different thing from the value of money as coined by the general government, and as used for the purposes of currency, or as a circulating medium. The idea that the statutes of all the different states which regulate the rates of interest therein are a violation of that provision of the Constitution of the United States which confers upon congress the power to coin money and regulate the value thereof is too fanciful to be regarded as serious."

Upon the whole case it is apparent that the notes and mortgages in suit, so far as their interest provisions are concerned, are valid, enforceable obligations, and as the pleadings support the judgment it follows that the judgment of the district court must be, and is,

AFFIRMED.

Note—See Interest, 33 C. J. sec. 26.