WESLEY N. PHILLIPS, APPELLEE, V. CLINTON LEROY HUNT,
APPELLANT: JOHN F. CROSBY ET AL., APPELLEES.

FILED APRIL 12, 1927. No. 24781.

Interest.  A state statute fixing interest rates chargeable on loans
of money does not contravene the provisions of section 8, art. I
of the federal Constitution, vesting congress with power to coin
money and regulate the value thereof.

APPEAL from the district court for Madison county: DE
WITT C. CHASE, JUDGE. *Affirmed.*

*Willis E. Reed,* for appellant.

*Mapes, McDuffee & Mapes* and *William L. Dowling,*
contra.

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

PER CURIAM.

This suit is an ordinary proceeding in equity instituted by
appellee, Phillips, herein called plaintiff, to foreclose a mort-
gage on certain real estate in Madison county. Appellant,
Hunt, hereinafter called defendant, interposed an answer
challenging the power of the state to enact a statute fixing
interest rates chargeable on loans of money, owing to the
provisions of section 8, art. I of the federal Constitution,
as follows: "The congress shall have power * * * to coin
money, regulate the value thereof, and of foreign coin, and
fix the standard of weights and measures." To this answer
the plaintiff interposed a general demurrer, which was sus-
tained. The facts pleaded in the answer are those set forth
in the case of *Klattenburg v. Qualsett,* 114 Neb. 18, in which
the question here presented was considered by us and de-
cided adversely to the contention of defendant. While the
answer in this instant case amplifies somewhat the facts
alleged in the answer in the previous case, a careful con-
sideration leads us to conclude that the law as announced
in the *Klattenburg* case is controlling.

Our attention has also been called to the preamble of the federal Constitution, sometimes designated as the general welfare clause. This, we have considered in connection with our previous holding, but incline to the opinion that it in no manner modifies or limits the provisions of such section 8, art. I, under consideration.

It follows that error was not committed by the trial court in sustaining the demurrer, and in entering judgment in favor of the plaintiff.

AFFIRMED.