WILLIAM A. EHLERS, APPELLANT, v. WILLIAM E. NEAL,
SHERIFF OF MCPHERSON COUNTY, NEBRASKA, ET AL.,
APPELLEES.

28 N. W. 2d 558

Filed July 18, 1947.   No. 32232.

*E. B. Zabriskie* and *W. A. Ehlers,* pro se, for appellant.

*Hoagland, Carr & Hoagland, Beeler, Crosby & Baskins,*
for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE,
YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action in equity by William A. Ehlers,
plaintiff and appellant, against William E. Neal, Sheriff
of McPherson County, Nebraska, and National Surety
Corporation of New York, a corporation, the surety on
the official bond of said sheriff, defendants and appel-
lees, the purpose of which is to require amercement in
damages against the sheriff and his surety on account of
alleged failure of the sheriff to make a proper levy of
execution on the property of a judgment debtor and

on account of alleged illegal charges made and collected. A trial was had to the court which resulted in a finding in favor of the defendants and decree dismissing the plaintiff's action. From the decree plaintiff has appealed.

With appellees' brief which was filed in this court was also filed a motion to dismiss the appeal. This motion requires first consideration herein.

The ground of the motion for dismissal of appeal is that the appeal was not perfected within the time required by law, therefore this court is without jurisdiction to entertain it.

As grounds for dismissal the appellees say (1) no notice of appeal was filed within the time provided by law, (2) that no bond for costs was filed within the time provided by law, and (3) that no transcript was filed with the clerk of this court within the time provided by law.

The decree in this case was entered August 6, 1946. It is the contention of appellees that in this case this is the date from which the time for filing notice of appeal, for filing cost bond, and for filing transcript with the clerk of the Supreme Court must be calculated. This is the date of the order which they contend was the final order from which plaintiff sought to take his appeal.

If it be true that this is the date from which calculation of time is to be made for the filing of notice of appeal then the contention of appellees that this court is without jurisdiction to entertain the appeal is valid and must be sustained. By the terms of section 25-1912, R. S. 1943, notice of appeal must be filed in the office of the clerk of the district court within three months after the rendition of judgment or decree or within three months from the overruling of a motion for a new trial in the cause. This provision is declared in the same section to be jurisdictional which declaration has been approved by this court. See Federal Farm Mtg. Corporation v. Ganser, 145 Neb. 589, 17 N. W. 2d 613; Barney v. Platte Valley Public Power & Irri-

gation District, 144 Neb. 230, 13 N. W. 2d 120; Lee v. Lincoln Cleaning & Dye Works, 144 Neb. 659, 14 N. W. 2d 227.

The notice of appeal was not filed until December 19, 1946, which was more than four months from the date of the decree.

Appellant contends that the provision of section 25-1912, R. S. 1943, relating to the ruling on a motion for new trial is applicable and that he had three months from the ruling on a motion for new trial which he had filed in the case to file his notice of appeal and that his notice was filed within this period of three months. The notice was filed within three months of the ruling on this motion.

As against this the appellees assert that the motion for new trial could not be considered as such, and the ruling thereon availed appellant nothing in the matter of time since it was not filed within the time provided by statute for the filing of motions for new trial. It was filed August 20, 1946, and overruled on November 8, 1946.

Section 25-1143, R. S. 1943, provides: "The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

In the case of Heeter v. Nisi, 134 Neb. 209, 278 N. W. 271, it was said: "A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect."

We are concerned here only with the three day limitation of the statute since examination discloses that the motion is in nowise based on newly discovered evidence.

It is clear that the motion for new trial was not filed

within three days of the rendition of the decree and was and is a nullity unless, as appellant contends, he may be excused from filing it in time.

In his motion for new trial appellant moved, in addition, to have the decree set aside agreeable to the terms of section 25-2001, R. S. 1943, on the ground of unavoidable casualty, that it was entered prematurely, and was unjust and inequitable. The motion was supported by the affidavit of appellant. Apparently a hearing was had and evidence introduced on the motion at the conclusion of which the court specifically found that there was no ground for setting aside the decree and overruled the motion.

The evidence adduced upon this motion has not been preserved in the bill of exceptions so therefore this court is unable to examine into the correctness of the ruling.

It therefore follows that the motion for new trial must be considered a nullity and that appellant's time for appeal began to run from August 6, 1946, and that appellant not having filed his notice of appeal within three months from that date, this court is without jurisdiction to entertain it.

The appeal is dismissed.

DISMISSED.