RAYMOND P. ASH ET AL., APPELLEES, v. CITY OF OMAHA
EX REL. LOUIS I. PENTZIEN, APPELLANT, METCALFE
CONSTRUCTION COMPANY ET AL., INTERVENERS AND
APPELLEES, ISEL I. SOLZMAN, INTERVENER AND
APPELLANT.
42 N. W. 2d 648

Filed May 12, 1950. Nos. 32667, 32672.

*Frank C. Heinisch,* for appellant Isel I. Solzman.

*Kennedy, Holland, DeLacy & Svoboda, Edwin Cassem,*
and *J. A. C. Kennedy, Jr.,* for appellant Louis I. Pentzien.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellees
Metcalfe Construction Co. and Theodore W. Metcalfe.

*G. H. Seig,* for appellees Raymond Ash et al.

*Edward Sklenicka, Edward F. Fogarty, Einar Viren,
James M. Paxson,* and *Herbert M. Fitle,* for appellee City
of Omaha.

SUPPLEMENTAL OPINION

Heard before SIMMONS, C. J., CARTER, MESSMORE,
CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

On motion for rehearing this court's attention is direct-
ed to certain language appearing in syllabus No. 1 of the
opinion, and to certain language in the opinion.

The first syllabus of the opinion is corrected to read as
follows: "The period of time provided for by section
25-1912, R. R. S. 1943, within which to perfect an appeal
from a judgment or decree rendered in the district court,
commences to run from the date of the rendition thereof,

if there is no motion for a new trial filed in the case," and as corrected, is substituted for the first syllabus as it originally appears in the opinion.

The language appearing to like effect in the original opinion at the bottom of page 398 and concluding with the citation of the case of Union Central Life Ins. Co. v. Saathoff, 115 Neb. 395, 213 N. W. 342, is deleted from the opinion, together with any reference made in the opinion as to the time of filing motions for a new trial.

It is clear from the record that the final decree may be considered as having been signed by the trial judge on April 1, 1949. This would constitute the date of rendition of the decree. On April 30, 1949, the intervener Isel I. Solzman gave notice of appeal in the district court for Douglas County and as provided for in section 25-1912, R. R. S. 1943, "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon convictions for felonies and misdemeanors under the criminal code, shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, or the making of such final order, * * * ."

The intervener Solzman, having given notice of appeal in conformance with the above language in the cited section of the statutes, perfected the appeal in proper time to the Supreme Court, and this court was vested with jurisdiction of the cause. The compliance by the intervener Isel I. Solzman, a party to the case, within the requirements of the statutes, gives this court jurisdiction of the entire case and all parties thereto in the district court. See, Madison County v. Crippen, 143 Neb. 474, 10 N. W. 2d 260; Moritz v. State Railway Commission, 147 Neb. 400, 23 N. W. 2d 545.

There being no effective motion for a new trial this court could not consider or pass upon errors of law such

as the improper admission or rejection of evidence. Nemetz v. Nemetz, 147 Neb. 187, 22 N. W. 2d 619; Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447; Sutherland v. Sutherland, 132 Neb. 558, 272 N. W. 549.

With the foregoing corrections made in the original opinion, the motion for rehearing is overruled.

MOTION FOR REHEARING OVERRULED.