IN RE APPLICATION OF THE FRENCHMAN-CAMBRIDGE IRRIGATION DISTRICT FOR APPROVAL OF ITS ORGANIZATION AND A CONTRACT BETWEEN SAID DISTRICT AND THE UNITED STATES OF AMERICA. FRENCHMAN-CAMBRIDGE IRRIGATION DISTRICT, APPELLANT, v. MYRTLE L. FERGUSON ET AL., OBJECTORS, APPELLEES.

46 N. W. 2d 692

Filed March 9, 1951. No. 32932.

*Frank B. Morrison,* for appellant.

*Monsky, Grodinsky, Good & Cohen,* and *Butler & Eisenhart,* for appellees.

*Edward W. Fisher* and *Clarence Eynon,* amici curiae.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Having entered into a contract with the United States, as provided in sections 46-1,147 to 46-1,150, R. S. 1943, the Frenchman-Cambridge Irrigation District, hereinafter designated as the district, filed this proceeding under the provisions of sections 46-1,151 and 46-1,152, R. S. 1943, seeking judicial approval and confirmation of: (1) The organization of the district; (2) the proceedings of the board of directors thereof leading up to and including the making of said contract; and (3) the validity of the terms thereof.

Thereto objections were filed by Myrtle L. Ferguson, an owner of land in the district with allegedly long prior adjudicated water appropriation rights appurtenant thereto from the "C. H. Meeker Canal," one of the water facilities of which, by condemnation, the United States had taken possession and control for the purpose of supplying water to lands of objectors and others having similar prior water appropriation rights, to be operated as a part of the Frenchman-Cambridge Irrigation District under the proposed contract.

A hearing was had upon the issues thus made, whereat evidence was adduced, and on July 19, 1950, the trial court entered its decree approving and confirming legality of the organization of the district and the proceedings of the board of directors thereof leading up to and including the making of the contract. However, with reference to validity of the terms of the contract, it found and adjudged that Article 11, section c, Article 32, Article 33, section e, and Article 35 thereof, to which objections had been made, were invalid and unenforceable in any event, and also that Article 34, section b, and Article 33, section g thereof, to which objection had been made, were inapplicable and unenforceable insofar as applicable to objector's lands and other lands in the district having prior valid existing water appropriations under the "C. H. Meeker Canal." In all other

respects the contract was approved, confirmed, and ratified.

Thereafter, on August 29, 1950, more than 40 days after rendition of the decree, instead of within 10 days as required by section 25-1143, R. R. S. 1943, the district filed a motion to set aside the decree. Having theretofore been argued and submitted, such motion was overruled on September 11, 1950, as being in the nature of a motion for new trial not filed within the time required by law.

Subsequently, on September 21, 1950, more than two months after entry of the decree instead of within one month as required by section 25-1912, R. R. S. 1943, the district filed a notice of appeal from the decree and the overruling of its motion to set it aside and give the district a new trial.

In its brief filed in this court the district assigned some 15 alleged errors, but in view of controlling jurisdictional questions raised by appellees and hereinafter discussed, there is but one requiring any discussion or decision. In that connection, the district argued that the decree of July 19, 1950, was a void judgment, assailable at any time in this proceeding or collaterally. We conclude, as hereinafter observed, that the judgment was not void.

Section 46-1,151, R. S. 1943, provides: "The board of directors of any irrigation district heretofore or hereafter organized, may, in its discretion, before or after the making of any contract with the United States or others, the levying of any assessment or the taking of any particular steps or action, commence a special proceeding in the district court of the state, in and by which the proceedings of such board and of such district leading up to or including the making of any such contract, and the validity of any of the terms thereof, the levying of any assessment or the taking of any particular steps or action, shall be judicially examined, approved and confirmed, or disapproved and disaffirmed."

It will be observed that the very provisions of the statute itself gave the district court jurisdiction, power, and authority to decide the issues presented in such a proceeding, which the district by its own petition identically prayed that it should do.

Only recently this court recited the legal history, attested the constitutionality of similar confirmatory proceedings, and called attention to the fact that they were special proceedings in rem, wherein, upon proper legal notice, jurisdiction was given the district court to render a valid judgment upon the issues appropriately involved in the particular case presented. Nebraska Mid-State Reclamation District v. Hall County, 152 Neb. 410, 41 N. W. 2d 397.

Since the district court had jurisdiction, power, and authority to enter the decree, it follows that petitioner's motion to set it aside was simply in effect a motion for new trial filed after the time required by section 25-1143, R. R. S. 1943, and not within any exception contained therein. That section provides: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, except (1) where unavoidably prevented, or (2) for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

As stated in Heeter v. Nisi, 134 Neb. 209, 278 N. W. 271, cited with approval in Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558: "A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect."

Since such motion of the district was a nullity and of no force and effect, it was obligated to file in the office of the clerk of the district court a notice of appeal from the decree of July 19, 1950, and deposit the docket fee with such clerk "within one month after the rendition thereof" as prescribed by section 25-1912, R. R. S. 1943,

in order to confer any appellate jurisdiction upon this court.

The district not having complied with either statute, the applicable rule is that the Supreme Court is without jurisdiction to entertain an appeal from the district court unless notice of appeal is filed in the office of the clerk of the district court and the docket fee is deposited with such clerk within one month after the rendition of the judgment or decree, or within one month from the overruling of a motion for a new trial timely filed in the cause. Ehlers v. Neal, *supra*.

For the reasons heretofore stated, we conclude that this court is without any jurisdiction to hear the appeal. Therefore, the motion of appellees to dismiss the same should be and hereby is sustained, and the appeal is dismissed with costs taxed to the district.

APPEAL DISMISSED.

MESSMORE, J., participating on briefs.