MARY R. MOLCZYK, APPELLEE, v. CHARLES MOLCZYK, APPELLANT.

47 N. W. 2d 405

Filed April 6, 1951. No. 32956.

*William Keeshan,* for appellant.

*Stanley J. Oliverius,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On July 17, 1948, plaintiff brought this action to secure a divorce from bed and board because of specific alleged extreme cruelty of defendant. Issues were framed thereon by defendant's answer and plaintiff's reply. After trial on November 16, 1948, the trial court rendered its judgment, finding and adjudging the issues generally in favor of plaintiff and against defendant. The decree rendered on that date, but not filed and entered on the journal until December 11, 1948, awarded plaintiff a divorce from bed and board, gave her the custody of their five minor children, the youngest of whom was then 13 years of age, and made a property settlement between the parties, the provisions of which are unimportant in making decision herein.

On November 30, 1948, more than 10 days after the decision was rendered, instead of within 10 days thereafter as required by section 25-1143, R. R. S. 1943, with no exception therein having application, defendant filed a motion for new trial which was overruled on November 1, 1950.

In that connection, the record affirmatively discloses that the judgment was rendered on November 16, 1948, and defendant's motion for new trial not having been filed within the time required by statute was a nullity and of no force and effect. Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558; Heeter v. Nisi, 134 Neb. 209, 278 N. W. 271.

In other words, the time for filing a motion for new trial begins to run from the time the "decision was ren-

dered" and not from the time it was filed or entered on the journal of the court. Such requirement is not directory merely but wholly mandatory, and only the date the decision was rendered is to be considered in determining the time within which a motion for new trial must be filed, except as provided by section 25-1143, R. R. S. 1943. Power v. Federal Land Bank, 141 Neb. 139, 2 N. W. 2d 924.

On the other hand, however, the right to perfect an appeal to this court in equity cases, such as that at bar, does not depend upon the timely filing of a motion for new trial, if notice of appeal is filed in the office of the clerk of the district court and the docket fee is deposited with such clerk "within one month after the rendition of such judgment or decree" as required by section 25-1912, R. R. S. 1943. In such event, this court has jurisdiction and authority to try the case de novo on its merits in the manner provided by section 25-1925, R. R. S. 1943, but in the absence of a motion for new trial timely filed, it cannot review, consider, or pass upon errors of law which occurred during the trial. Nemetz v. Nemetz, 147 Neb. 187, 22 N. W. 2d 619; Oertle v. Oertle, 146 Neb. 746, 21 N. W. 2d 447; Ash v. City of Omaha, 152 Neb. 699, 42 N. W. 2d 648, supplemental to 152 Neb. 393, 41 N. W. 2d 386.

However, in the case at bar defendant's motion for new trial was a nullity and of no force and effect because filed out of time, and his notice of appeal was not filed with the clerk of the district court and the docket fee was not deposited with such clerk until November 10, 1950, almost two years after rendition of the judgment or decree on November 16, 1948.

In such a situation the applicable and controlling rule is that this court is without jurisdiction to entertain an appeal from the district court unless, as provided by section 25-1912, R. R. S. 1943, notice of appeal is filed in the office of the clerk of the district court and the docket fee is deposited with such clerk within one month

after rendition of the judgment or decree, or within one month from the overruling of a motion for new trial timely filed in the cause. Ehlers v. Neal, *supra*.

Such rule is fundamental and mandatory, and this court takes judicial notice of its application in this and other similar cases wherein it has no jurisdiction or authority whatever to review and decide the issues originally presented to the trial court or argued in this court.

We therefore conclude that this court has no jurisdiction or authority to hear the appeal, and it should be and hereby is dismissed at defendant's cost.

APPEAL DISMISSED.