GERTRUDE POWELL, APPELLEE, v. A. VAN DONSELAAR, APPELLANT.

68 N. W. 2d 894

Filed March 4, 1955. No. 33634.

*D. Van Donselaar* and *Paul W. Deck,* for appellant.

*Leamer & Graham,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The matters related by appellee as a basis for the relief she asks are that she was the owner and in possession of Lot 37, Martin's Subdivision, as platted, in South Sioux City; that there was a fence along the east line thereof; that appellant without the knowledge or consent of appellee tore down and removed the fence and refused to restore it; that appellant had trespassed upon the property of appellee and that he would continue to do so; that appellant had commenced the construction of a fence upon the lot of appellee; that he refused to remove it; and that unless appellant was enjoined he would complete the fence upon the property of appellee to her irreparable damage. She asked the court to enjoin the appellant from trespassing upon her lot; that appellant be compelled to replace on the east line of the lot of appellee the fence he destroyed in the condition it was before it was displaced; and that if he did not do so she recover judgment against him for $250 damages.

The claims of appellee were denied by appellant and he alleged: That he took possession of Lot 36 of the subdivision which adjoins Lot 37 thereof on the east of it under claim of title based upon a quitclaim deed about December 12, 1948; that he received a deed to Lot 36 from the county treasurer about July 2, 1952,

which he recorded in the records of the county February 3, 1953; that for more than 10 years immediately prior to the commencement of this action he and his grantors had been in the open, exclusive, notorious, and adverse possession of the lot; that for more than 15 years there was a fence between Lot 36 and Lot 37, and the owner of the latter had until about March 1949, occupied, used, and claimed the ground as owner eastward to the fence; that all persons in possession and occupancy of Lot 36 had claimed it as far westward as the fence and it was and remained the division line; that about March 1, 1948, the fence was removed by Dean Cornell and he erected a fence across Lot 36 about 10 feet east of the location of the original fence; that about June 1952, appellant removed the fence constructed by Dean Cornell and he offered, has been, and is now willing to rebuild the fence on the location of the original fence; that appellant is the owner of Lot 36 of the subdivision and it extends westward to the line where the original fence was located; that he and his grantors have had open, exclusive, notorious, and adverse possession of the lot; and that appellee is estopped to claim the right of possession of any land east of the location of the original fence or to claim that the location of the original fence was not the east "perimeter" of Lot 37.

The district court found generally for appellee; that appellant without reason or authority removed the fence appellee had installed along the east line of Lot 37, Martin's Subdivision of South Sioux City; that appellee was the owner of the lot as originally laid out and platted; that she had a tax deed to the lot which had been recorded in the public records of the county for more than 5 years and it vested absolute title thereto in her; and that appellee was entitled to have an order requiring appellant within 60 days to replace the fence on the east line as shown and described in a survey of the property introduced in evidence during the trial in

the same condition as the fence was at the time it was removed by appellant, and if he failed to do so appellee should have judgment against appellant for $75, the value of the fence. Judgment was rendered and entered in harmony with the findings.

The judgment was rendered and entered April 7, 1954. The motion for new trial made by appellant was filed 14 days after the judgment was rendered. The procedure for obtaining a new trial of a cause is statutory. The requirement of the statute is that application for a new trial must be made within 10 days after the decision is rendered except where unavoidably prevented or for the cause of newly discovered material evidence. § 25-1143, R. R. S. 1943.

A cause for a new trial stated in the motion was that appellant had since the trial discovered evidence material to his defense which he could not with reasonable diligence have discovered and produced at the trial. The proof intended to establish this specification of the motion was an affidavit of appellant and a verified pleading entitled "AMENDMENT TO DEFENDANT'S MOTION FOR NEW TRIAL." The affidavit and the pleading appear in the transcript. The record does not show that either of them was presented to the trial court, or offered or introduced in evidence. The affidavit or the pleading was not made a part of and does not appear in the bill of exceptions. An affidavit attached to and filed with a motion for a new trial and exhibited by the transcript but not offered or put in evidence in the district court and included in and presented by a bill of exceptions may not be examined or considered by this court. Such affidavit to be available for use on appeal to this court must be offered or received in evidence and made a part of the bill of exceptions.

In Mulder v. State, 152 Neb. 795, 42 N. W. 2d 858, it is said: "On the other hand, as shown by the transcript, both such matters of alleged misconduct were factually urged by affidavit filed in support of defend-

ant's motion for new trial. However, such affidavit was never offered in evidence and does not appear in the bill of exceptions. * * * it is of no avail to attach the affidavits to a motion for a new trial made a part of the transcript. They must be offered and received in evidence to support the contention, and as such made a part of the bill of exceptions." In Darlington v. State, 153 Neb. 274, 44 N. W. 2d 468, it is said: "It has long been a mandatory requirement in this jurisdiction * * * that affidavits used as evidence on the hearing or trial of any issue of fact must have been, as a prerequisite to examination of them in this court, identified and offered in evidence in the trial court and embodied in a bill of exceptions." See, also, State ex rel. Nebraska State Bar Assn. v. Pinkett, 157 Neb. 509, 60 N. W. 2d 641; Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213.

The statute provides that when a motion for new trial contains a claim of newly discovered evidence as a cause for a new trial the truth of it must be sustained by affidavit. § 25-1144, R. R. S. 1943. The factual showing required can only be considered in this court when it is put in evidence in the district court and preserved in and presented by a bill of exceptions. The claim of appellant in the motion for a new trial of newly discovered evidence is of no significance and did not extend the time beyond the 10-day limitation of the statute within which to file a motion for a new trial in this case.

It is stated in the motion for a new trial that appellant was unavoidably prevented from making the motion within 10 days after the decision of the case because of the illness and disability of his counsel from April 5 to April 17, 1954. This was attempted to be established in part by the statement of the appellant in his affidavit above referred to that his attorney was ill from April 5 to April 17, 1954, and unable to prepare and file the motion sooner. This may not be considered on this

appeal for the reasons above recited. There was admitted in evidence and placed in the bill of exceptions an affidavit of a doctor the substance of which is that the counsel of appellant was at the office of the doctor in Sioux City, Iowa, April 6, 1954, and complained of a soreness in his abdominal region and of a nervous condition; that the doctor examined him, and advised that he discontinue work, requiring mental or physical strain, for 3 weeks and asked him to call on the doctor again if he was not improved at the end of that time; and that the attorney was at the doctor's office after 3 weeks and said he was greatly improved.

The record is insufficient to show that appellant was unavoidably prevented from timely filing a motion for a new trial in this case. There is no evidence of total disability of the counsel or what activity he was capable of performing from 1 day before the rendition of the decision until "after three weeks" later, except he filed a motion for a new trial 14 days after the decision. This is an equity case. A motion for a new trial was not indispensable to an appeal from the district court to this court and a trial de novo on its merits. Molczyk v. Molczyk, 154 Neb. 163, 47 N. W. 2d 405. Jurisdiction could have been conferred on this court by the filing of a notice of appeal and deposit of the docket fee within 1 month after the judgment was rendered. The requisites of a motion for a new trial are statutory. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. The causes for a new trial may be stated in a motion therefor in the language of the statute without further or other particularity. State v. Kubik, 159 Neb. 509, 67 N. W. 2d 755. The preparation of such a motion or of a notice of appeal would not have required or produced either "mental or physical strain." Counsel for appellant consulted the doctor, was advised to refrain during 3 weeks from activity that would cause "mental or physical strain," and to see the doctor again at the end of that time if the attorney had not

improved. There is no information in the showing that he had the services of the doctor again. It only states that he was at the office of the doctor after the 3 weeks. The doctor in his affidavit tells nothing about what was the cause of any indisposition that afflicted the attorney of appellant. He did not even assert as a conclusion that anything prevented action of the attorney such as preparing and filing or having prepared and filed for him a motion for a new trial or a notice of appeal in the case during the whole or in fact any part of the 3 weeks mentioned therein. As to being "unavoidably prevented" there is no pretense of it on the basis of what the affidavit of the doctor sets forth. Appellant did not attempt to justify his default by a claim that other counsel could not have been procured to have prepared and filed a motion for a new trial or a notice of appeal.

An event or a result is unavoidable which human prudence, foresight, and sagacity cannot prevent. The words of the statute "unavoidably prevented" signify something that was beyond the ability of the person affected to have avoided. Fernwood Mining Co. v. Pluna, 138 Ark. 193, 211 S. W. 159; Commonwealth v. Fidelity & Columbia T. Co., 185 Ky. 300, 215 S. W. 42; Crystal Spring Distillery Co. v. Cox, 49 F. 555; E. P. Barnes & Brother v. Eastin, 190 Ky. 392, 227 S. W. 578; 3 Bouvier's Law Dictionary (3d Rev.), p. 3350; 65 C. J., Unavoidable, § 1, p. 1194.

The case of In re MacLauchlan, 9 F. 2d 534, discussed the words unavoidably prevented as they appeared in a section of the bankruptcy act as follows: "'If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it (i.e., his petition for discharge) within such time (i.e., said "next twelve months"), it may be filed within, but not after, the expiration of the next six months.'" In that case it is said: "A result that is 'unavoidable' need not be absolutely inescapable; yet it is a very strong word, and such

limitations as Maule, J., suggested for the possibility of retrieving a shilling from the Thames are about all that can be suggested. Result is that there must be a most compelling outside force, precluding a man by hypothesis honest and diligent from filing his petition, before any bankrupt can assert that he was 'unavoidably prevented'; and we take judicial notice of the fact that drafting and filing a petition for discharge is a simple, short, and inexpensive affair."

The proof offered by appellant and available for consideration on this appeal did not establish that he was unavoidably prevented from filing a motion for a new trial within 10 days after the decision was rendered. A motion for a new trial not filed within the time specified by the statute is a nullity and does not affect or enlarge the time within which a notice of appeal must be filed after the rendition of the judgment in the cause to confer jurisdiction on this court of an appeal in the case. Frenchman-Cambridge Irr. Dist. v. Ferguson, 154 Neb. 20, 46 N. W. 2d 692; Molczyk v. Molczyk, *supra*.

The notice of appeal was filed June 5, 1954. This was 59 days after decision was rendered. A notice of appeal must be filed in the office of the clerk of the district court in which the judgment is rendered within 1 month after the judgment is rendered or the denial of a motion for a new trial timely filed to confer jurisdiction on this court of an appeal in the cause. § 25-1912, R. R. S. 1943. In Sloan v. Gibson, 156 Neb. 625, 57 N. W. 2d 167, it is said: "The notice of appeal must be filed in the office of the clerk of the district court and the docket fee must be deposited with the clerk within 1 month after the rendition of the judgment, if there is no motion for a new trial, or within 1 month from the overruling of a motion for a new trial timely filed in the cause or there can be no appeal from the district court to this court. * * * This is a fundamental and mandatory rule. This court must take judicial notice of its application in a case in which it has not acquired jur-

isdiction." See, also, Molczyk v. Molczyk, *supra.*

There has been conferred upon this court no jurisdiction of this appeal. It has no authority to hear and determine the matters attempted to be presented.

This appeal should be and it is dismissed and the costs should be taxed to appellant.

APPEAL DISMISSED.