ADELINE K. CAMPBELL, APPELLANT, v. LYLE M. CAMPBELL, APPELLEE.

96 N. W. 2d 417

Filed May 8, 1959.   No. 34563.

*Charles Ledwith,* for appellant.

*Robert L. Jeffrey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Lancaster County.   It involves relief asked for by appellant-plaintiff Adeline K. Campbell in a petition which she filed on January 16, 1957, in a divorce proceeding where-

in, on March 10, 1950, she had been granted a divorce and awarded custody of the parties' three minor children. The petition was filed under and pursuant to the authority granted by section 42-312, R. R. S. 1943, and was for the purpose of obtaining an increase in the allowance of child support for the one minor child, a daughter then 13 years of age, who was still in appellant's custody and dependent upon her for support. The right to such increase was based on claimed changes in the circumstances of the parties since a previous order of the court had been made for that purpose on May 13, 1953.

Appellee-defendant Lyle M. Campbell, on March 4, 1957, filed an answer thereto and a cross-petition to which appellant, on April 11, 1957, filed an answer and reply. Trial was had on the issues raised by these pleadings on July 2, 1958, and, on August 13, 1958, the cause was fully submitted. Thereafter, on August 25, 1958, the trial court rendered the following decision: "On consideration of evidence and briefs, the Court finds that since the order of May 15, 1953, there has been a legal 'change of circumstances' affecting the parties herein and that plaintiff should be allowed the sum of $60.00 per month, beginning September 1, 1958, for the support of Joan Campbell until she becomes of legal age or until the further order of the court, together with the further sum of $100.00 for services of plaintiff's counsel, payable at $10.00 per month, and defendant should pay the costs herein."

On August 29, 1958, appellant filed a motion for new trial asking: "* * * the court for an order vacating the decision of the court of August 25, 1958 and the order entered pursuant thereto, and granting the plaintiff a new trial * * *." On September 2, 1958, the trial court, on its own motion, erroneously struck appellant's motion for new trial from the record, doing so on the basis that no final judgment had been entered (rendered).

On September 25, 1958, appellant filed another motion for new trial asking, "* * * the court for an order vacating the decision of the court of August 25, 1958 and the order entered pursuant thereto, and granting the plaintiff a new trial * * *." This motion the court overruled on October 11, 1958. Thereupon, on October 11, 1958, appellant refiled the same motion for new trial. It was again overruled on October 28, 1958. Appellant filed a notice of appeal in the district court on November 7, 1958.

"A judgment rendered or final order made by the district court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record." § 25-1911, R. R. S. 1943. The judgment here sought to be modified was rendered by the trial court on August 25, 1958. See Ames v. Parrott, 61 Neb. 847, 86 N. W. 503, 87 Am. S. R. 536. "This court takes judicial notice of the mandatory requirements of the statute as to the necessity and time of filing a notice of appeal, and the effect of failure to comply with them." Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894.

Section 25-1912, R. R. S. 1943, provides, insofar as here material, that: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon convictions for felonies and misdemeanors under the criminal code, shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal signed by the appellant or appellants or his or their attorney of record, * * *." " 'The period of time provided for by section 25-1912, R. R. S. 1943, within which to perfect an appeal from a judgment or decree rendered in the district court, com-

mences to run from the date of the rendition thereof, if there is no motion for a new trial filed in the case,' * * *." Ash v. City of Omaha, 152 Neb. 699, 42 N. W. 2d 648. "Trial court has no inherent power, directly or indirectly, to extend time for taking appeal." Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98, 89 A. L. R. 932. "The legislature having power to limit the time within which an appeal must be taken, it is essential to the jurisdiction of this court that it be taken within that time limit." Morrill County v. Bliss, *supra.*

This court is without jurisdiction to entertain an appeal from the rendition of a final judgment or decree by the district court unless, as provided by section 25-1912, R. R. S. 1943, a notice of appeal is filed in the office of the clerk of the district court from which such appeal is being taken within 1 month after the rendition of such final judgment or decree. See, Frenchman-Cambridge Irr. Dist. v. Ferguson, 154 Neb. 20, 46 N. W. 2d 692; Molczyk v. Molczyk, 154 Neb. 163, 47 N. W. 2d 405. Here the notice of appeal was not filed until November 7, 1958, and thus clearly not within time to perfect an appeal from the final judgment rendered on August 25, 1958.

Section 25-1143, R. R. S. 1943, provides, insofar as here material, that: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, * * *." "The time for filing a motion for new trial begins to run from the time the decision was rendered, and not from the date it was filed or entered on the journal of the court." Molczyk v. Molczyk, *supra.*

"The striking of a motion for new trial, timely filed in the district court, is the equivalent of overruling the same and finally disposing of the cause upon the merits, from which appeal may be taken to this court, * * *." Lynch v. City of Omaha, 153 Neb. 147, 43 N. W. 2d 589.

Here the motion for new trial filed on August 29, 1958, was within time but the appellant did not appeal from

the court's ruling of September 2, 1958, within the 1 month provided by section 25-1912, R. R. S. 1943, for that purpose. In view thereof this court is without jurisdiction to entertain the appeal. See, Frenchman-Cambridge Irr. Dist. v. Ferguson, *supra;* Molczyk v. Molczyk, *supra;* Powell v. Van Donselaar, *supra.* As stated in Powell v. Van Donselaar, *supra:* "This court cannot have jurisdiction of an appeal from the district court, unless as required by section 25-1912, R. R. S. 1943, a notice of appeal is filed in the office of the clerk of the district court, and the docket fee is deposited with the clerk within 1 month after rendition of the judgment or within 1 month from the denial of a motion for a new trial timely filed in the cause."

As to the motion for new trial filed on September 25, 1958, and refiled on October 11, 1958, the following has application: "A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect." Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558. See, also, Frenchman-Cambridge Irr. Dist. v. Ferguson, *supra;* Nebraska Nat. Bank v. Pennock, 59 Neb. 61, 80 N. W. 255; Powell v. Van Donselaar, *supra.* As stated in Powell v. Van Donselaar, *supra:* "A motion for a new trial not filed within the time specified by statute is a nullity and does not enlarge the time within which a notice of appeal must be filed after the rendition of judgment in a cause."

In view of the foregoing this court is without jurisdiction to entertain this appeal and it is, therefore, dismissed.

APPEAL DISMISSED.