EMIL J. PALLAS, APPELLEE, V. LILLIAN M. DAILEY ET AL., APPELLEES, IMPLEADED WITH CLARENCE R. MURPHY ET AL., APPELLANTS.

99 N. W. 2d 6

Filed November 13, 1959. No. 34647.

*Tesar & Tesar,* for appellants.

*James R. McGreevy,* for appellee Pallas.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an attempted appeal from the district court for Douglas County. It involves an equity action tried in the district court on November 14, 1958. At the conclusion of the trial counsel for certain of the defendants moved to dismiss plaintiff's petition because, as he claimed, the evidence adduced was insufficient to sustain plaintiff's burden of proof. The trial court took this motion under advisement, however, the record does not show that it was ever ruled on. The record does show that on November 14, 1958, after all the evidence had been submitted, the trial court found generally for the plaintiff and rendered a judgment accordingly. This judgment was journalized on January 29, 1959, and entered by the clerk of the court on that day in "Journal 611 at Page 409."

As to when a judgment has been rendered, within the meaning of the present statutes applicable to appeals, see Sloan v. Gibson, 156 Neb. 625, 57 N. W. 2d 167. As therein stated: "A judgment is rendered when the court announces its decision upon the law and the facts in controversy as ascertained by the pleadings." That is what was done here for, after the evidence had been submitted to the court on November 14, 1958, the decree goes on to recite that: "Upon consideration of the pleadings of the parties and the evidence submitted to the Court, the Court finds generally for the plaintiff." Judgment for plaintiff follows.

"This court takes judicial notice of the mandatory requirements of the statute as to the necessity and time of filing a notice of appeal, and the effect of failure to comply with them." Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894.

Defendants, who are seeking to appeal, filed two motions for new trial in the district court, the first on January 14, 1959, and the second on February 2, 1959.

Section 25-1143, R. R. S. 1943, as it relates thereto, provides: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, * * *." There are two exceptions to this requirement in the statute but neither has application here.

These were both, in our opinion, filed out of time and within the following principle: "A motion for new trial which is not filed within the time specified by statute is a nullity and of no force and effect." Frenchman-Cambridge Irr. Dist. v. Ferguson, 154 Neb. 20, 46 N. W. 2d 692. See, also, Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558.

On March 23, 1959, the trial court overruled both motions for new trial and thereafter, on April 20, 1959, this appeal was taken from both the decree rendered therein and from the order overruling the motions for new trial.

Section 25-1912, R. R. S. 1943, as it relates to the issues herein, provides: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, * * * shall be by filing in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within one month after the rendition of such judgment or decree, or the making of such final order, or within one month from the overruling of a motion for a new trial in said cause, a notice of intention to prosecute such appeal signed by the appellant or appellants or his or their attorney of record, * * *."

The motions for new trial having been filed out of time the overruling thereof could not extend the time for appeal so the notice of appeal could only relate to the decree rendered. In this situation the following is

controlling: "This court is without jurisdiction to entertain an appeal from the district court unless, as provided by section 25-1912, R. R. S. 1943, notice of appeal is filed in the office of the clerk of the district court * * * within one month after rendition of the judgment or decree, or within one month from the overruling of a motion for new trial timely filed in the cause." Frenchman-Cambridge Irr. Dist. v. Ferguson, *supra*. See, also Powell v. Van Donselaar, *supra*.

This court, being without jurisdiction to entertain this appeal, must and does dismiss it.

APPEAL DISMISSED.