LEWIS R. RICKETTS ET AL., APPELLANTS, V. THE CONTINENTAL NATIONAL BANK OF LINCOLN, LINCOLN, NEBRASKA, APPELLEE.

101 N. W. 2d 153

Filed February 19, 1960. No. 34758.

*Field & Ricketts, Raymond E. McGrath,* and *Joel O'D. Cornish,* for appellants.

*Mason, Knudsen, Dickeson & Berkheimer,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Appellee, defendant below, has filed a motion herein asking that we dismiss appellants', plaintiffs below, appeal for the reason that this court is without jurisdiction thereof. It bases its contention on the following situation as disclosed by the transcript:

The district court tried the case on April 7, 8, and 9, 1959. On the latter date, after the trial had been concluded, the appellants were given 30 days in which to file a brief and appellee was given 30 days thereafter for the purpose of filing an answer brief. The trial judge's notes, on July 2, 1959, show he considered the case as having been finally submitted on that date. Thereafter, on August 21, 1959, the record shows the trial judge rendered a judgment in favor of the appellee. On the same day the trial judge mailed to counsel for each of the respective parties a copy of his notes doing so, with the following statement in regard thereto: "Enclosed find copy of Notation which I am entering on the docket this day in the above entitled case." Pursuant to directions in these notes counsel for the appellee prepared a decree that was ultimately satisfactory to the trial judge who then signed it on October 8, 1959, and, on the same day, it was entered in the records of the clerk of the district court.

"A judgment is the final determination of the rights of the parties in an action." Rumbel v. Ress, 166 Neb. 839, 91 N. W. 2d 36. See, also, § 25-1301, R. R. S. 1943.

"A judgment is rendered when the court announces its decision upon the law and the facts in controversy as ascertained by the pleadings." Sloan v. Gibson, 156

Neb. 625, 57 N. W. 2d 167. See, also, Pallas v. Dailey, *ante* p. 277, 99 N. W. 2d 6.

¹ "The entry of a judgment upon the records is not an integral part of the judicial act of rendering a judgment, although the entry thereof may be required before it can become available for certain purposes." Sloan v. Gibson, *supra*. See, also, Lockard v. Lockard, *ante* p. 226, 99 N. W. 2d 1.

We do not think, in view of the foregoing, that the following language found in Sloan v. Gibson, *supra*, is entirely correct. Therein we stated: "§ 25-1912, R. R. S. 1943. The rendition of a judgment, the making of a final order, or the overruling of a motion for a new trial as contemplated and intended by this statute means the announcement by the court of the judgment, the final order, or the denial of the motion for a new trial, *and not the notation thereof in any record* or the entry thereof in the journal of the court." It should read as follows: The rendition of a judgment, the making of a final order, or the overruling of a motion for a new trial, as contemplated and intended by section 25-1912, R. R. S. 1943, means the announcement by the court of the judgment, the final order, or the denial of the motion for a new trial *and does not necessarily require the notation thereof in any record* or the entry thereof in the journal of the court. (Emphasis ours.)

On October 13, 1959, appellants filed a motion for new trial. It was overruled by the trial court on the same day. With certain exceptions, not here material, section 25-1143, R. R. S. 1943, requires that a motion for new trial must be filed within 10 days and, if not filed within such period, we have said it is a nullity. As stated in Molczyk v. Molczyk, 154 Neb. 163, 47 N. W. 2d 405: "* * * motion for new trial not having been filed within the time required by statute was a nullity and of no force and effect. * * * In other words, the time for filing a motion for new trial begins to run from the time the 'decision was rendered' and not from

the time it was filed or entered on the journal of the court.` Such requirement is not directory merely but wholly mandatory, and only the date the decision was rendered is to be considered in determining the time within which a motion for new trial must be filed, except as provided by section 25-1143, R. R. S. 1943, * * *." See, also, Campbell v. Campbell, 168 Neb. 533, 96 N. W. 2d 417; Pallas v. Dailey, *supra.* As stated in Campbell v. Campbell, *supra:* " 'The time for filing a motion for new trial begins to run from the time the decision was rendered, and not from the date it was filed or entered on the journal of the court.' " And, as stated in Pallas v. Dailey, *supra:* "A motion for new trial which is not filed within the time specified by statute is a nullity and of no force and effect."

When a motion for new trial is filed out of time the overruling thereof does not extend the time for appeal. See, Pallas v. Dailey, *supra;* Lockard v. Lockard, *supra;* Campbell v. Campbell, *supra.* As stated in Lockard v. Lockard, *supra:* "A motion for new trial not filed within time cannot form the basis for extension of the time within which an appeal can be taken." Nor does the trial court have inherent power for that purpose. See, Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98, 89 A. L. R. 932; Campbell v. Campbell, *supra.* As stated in Campbell v. Campbell, *supra:* " 'Trial court has no inherent power, directly or indirectly, to extend time for taking appeal.' "

Notice of appeal was filed by the appellants with the clerk of the district court for Lancaster County on November 9, 1959. Section 25-1912, R. R. S. 1943, requires that an appeal must be taken within 1 month from the time the judgment is rendered in the absence of a motion for new trial being filed within time and appeal being taken from the overruling thereof. See, Campbell v. Campbell, *supra;* Lockard v. Lockard, *supra;* Pallas v. Dailey, *supra.* As stated in Sloan v. Gibson, *supra:* "The notice of appeal must be filed in the office

of the clerk of the district court and the docket fee must be deposited with the clerk within 1 month after the rendition of the judgment, if there is no motion for a new trial, or within 1 month from the overruling of a motion for a new trial timely filed in the cause or there can be no appeal from the district court to this court." And, if appeal is not taken within the time fixed by statute (one month) this court is without jurisdiction of the appeal. See, Sloan v. Gibson, *supra;* Campbell v. Campbell, *supra;* Lockard v. Lockard, *supra;* Pallas v. Dailey, *supra.* As stated in Lockard v. Lockard, *supra:* "It is necessary that the notice of appeal shall be filed in accordance with the terms of section 25-1912, R. R. S. 1943, in order to confer jurisdiction upon this court to entertain the appeal."

It thus becomes apparent that if the trial judge's notes of August 21, 1959, which he entered upon the court journal, constitute the rendering of a judgment, which we find they do, that this court is without jurisdiction of the appeal. However, we permitted the appellants to file a supplemental transcript to show the entry of an order nunc pro tunc by the trial judge relating to what he had done herein on August 21, 1959. The supplemental transcript shows that on January 25, 1960, which is subsequent to the date appellee filed its motion herein to dismiss this appeal, the appellants filed a motion in the district court for an order nunc pro tunc to clarify the trial judge's notes of August 21, 1959, and, in support thereof, filed an affidavit of the trial judge. Pursuant thereto the trial court did, on January 29, 1960, enter an order nunc pro tunc by adding the following to his notes of August 21, 1959: "This Notation is made merely for the purpose of instructing counsel for the defendant in the preparation of a draft of findings and decree herein, and is not intended as a final decision or judgment in the case."

The purpose and function of an order nunc pro tunc has been fully set out and discussed by this court in

the following cases: Lockard v. Lockard, *supra;* Bell v. Crook, 168 Neb. 685, 97 N. W. 2d 352; Watson Bros. Transp. Co. v. Red Ball Transf. Co., 159 Neb. 448, 67 N. W. 2d 475; North Loup River Public Power & Irr. Dist. v. Loup River Public Power Dist., 149 Neb. 823, 32 N. W. 2d 869. As stated in Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra:* "The proper function of a nunc pro tunc order is not for the purpose of correcting some affirmative action of the court which ought to have been taken, but its true purpose is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded." However, as stated in these cases, the purpose of an order nunc pro tunc is not to correct, change, or modify action previously taken by the court.

The trial judge, and all the parties to this litigation were bound by the legal effect of what the trial judge did on August 21, 1959, and not by what he may have thought he was doing. He cannot now change or modify the legal effect of what he did by an order nunc pro tunc showing what he intended to do. It should again be called to the attention of trial judges that the formal drafting, signing, and entering on the records of a clerk of the district court of a judgment or decree is not, under the circumstances as here shown, a rendering of such judgment or decree within the meaning of section 25-1912, R. R. S. 1943.

In view of what has been herein said and held we find the appeal was not taken within the time provided therefor by statute and that, in view thereof, this court is without jurisdiction to consider the cause. We therefore sustain appellee's motion to dismiss the appeal of appellants.

APPEAL DISMISSED.