EVERETT BEBEE ET AL., APPELLEES, V. JERRY KRIEWALD, APPELLANT.

112 N. W. 2d 764

Filed January 12, 1962. No. 35083.

*Keith J. Kovanda,* for appellant.

*E. L. Vogeltanz,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Everett Bebee, Earl Bebee, Norman Bebee, Opal Kelley, and Freda Smith, plaintiffs in the trial court, and appellees herein, brought this action as owners of certain land in Garfield County, Nebraska, against Jerry Kriewald, defendant and appellant. The parties will be referred to as they were designated in the trial court.

The plaintiffs' petition alleged the ownership of the land. It set out that the defendant Kriewald, the tenant thereof, had abandoned the lease but threatened to move back onto the land. Plaintiffs prayed for an injunction restraining the defendant from moving on the premises. It further asked for damages for various matters arising from poor husbandry and waste, misuse of the buildings and pasture, failure to pay pasture rent, and for an accounting and judgment for $3,000.

The answer denied the allegations of the petition, set out that the defendant properly farmed and cared for the premises, and contained a cross-petition asking for $160 for certain hay alleged to have been taken by the plaintiffs which belonged to defendant.

The case was tried on March 21, 1961, and at the conclusion of the trial the court on the same day en-

tered a permanent injunction against the defendant restraining him from again entering on the premises. It took the matter of damages under advisement and thereafter on April 4, 1961, determined the damages to be $150 and rendered judgment against defendant for that amount, together with the costs of the suit.

No journal of these judgments was filed or entered of record until April 20, 1961. On April 25, 1961, defendant filed a motion for new trial which was overruled on April 27, 1961. Thereupon, on May 18, 1961, the defendant filed a supersedeas bond and notice of appeal.

The plaintiffs' brief requests a dismissal of the defendant's appeal on the grounds that it was not taken in time. If this contention is true the appeal should be dismissed and the case should not be considered by this court on the merits.

Section 25-1912, R. R. S. 1943, governing the perfecting of appeals to this court, provides, among other things, that the appeal shall be brought by filing in the office of the clerk of the district court the notice of intention to appeal within 1 month of the rendition of the judgment or decree, or within 1 month of the overruling of a motion for new trial in the cause.

This statute was discussed and this court held in Sloan v. Gibson, 156 Neb. 625, 57 N. W. 2d 167, as follows: "A judgment is rendered when the court announces its decision upon the law and the facts in controversy as ascertained by the pleadings.

"The entry of a judgment upon the records is not an integral part of the judicial act of rendering a judgment, although the entry thereof may be required before it can become available for certain purposes."

In that case the court stated the statute prior to the amendment in 1941 had been construed to allow the notice of appeal and other steps therein set out to be taken within the specified time from entry of the judgment or decree of record, but by reason of that amendment these new rules applied.

The defendant cites Ash v. City of Omaha, 152 Neb. 393, 41 N. W. 2d 386, holding to the contrary, but evidently overlooked that the portion of the opinion which he relies upon was vacated and set aside on rehearing. See Ash v. City of Omaha, 152 Neb. 699, 42 N. W. 2d 648.

The notice of appeal was not filed for more than a month after the judgments granting the injunction or assessing the damages were rendered.

The statute for filing a motion for new trial, section 25-1143, R. R. S. 1943, provides that a motion for new trial must be filed within 10 days after the verdict, report, or decision is rendered. The motion for new trial was not filed for more than 20 days after the decision of the court.

In Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558, under the former statute providing for taking an appeal within 3 months instead of 1 month, it was held: "The Supreme Court is without jurisdiction to entertain an appeal from the district court unless notice of appeal is filed in the office of the clerk of the district court within three months after the rendition of judgment or decree or within three months from the overruling of a motion for new trial in a cause.

"A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect."

It was held in the cited case that the time for appeal does not begin to run from the overruling of the motion for new trial unless the motion itself is filed in time.

The judgment of the trial court having been rendered and the appeal taken before the passage of Laws 1961, c. 111, § 1, p. 350, amending section 25-1301, R. R. S. 1943, the notice of the rendition of the judgment therein provided for has no application to the case before us.

It follows that the defendant has not consummated the appeal in time and it must be dismissed.

APPEAL DISMISSED.