STATE OF NEBRASKA, APPELLEE, V. ARTHUR C. CARTER, APPELLANT.

451 N.W.2d 271

Filed February 9, 1990.   No. 89-239.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Alfonzo Whitaker for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a judgment of conviction and sentence for the crime of attempted robbery. Appellant was sentenced to a term of from 4²/₃ to 18 years' imprisonment in the penal complex, with credit for 197 days spent in jail awaiting disposition. This appeal follows. We affirm.

Two errors are assigned: (1) The evidence is insufficient to sustain the conviction, and (2) the sentence is excessive.

Attempted robbery is a Class III felony and is punishable by a term of from 1 to 20 years' imprisonment, up to a $25,000 fine, or both.

To consider the first assignment, we set forth the factual sequence in some detail. We observe that if, under a consideration of the facts in a view most favorable to the State, the evidence sustains the verdict, we will affirm. *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988).

A person is guilty of robbery "if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another . . . ." Neb. Rev. Stat. § 28-324(1) (Reissue 1989). Neb. Rev. Stat. § 28-201(1) (Reissue 1989) states:

A person shall be guilty of an attempt to commit a crime if he:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

In the early morning hours of August 11, 1988, Thomas Powers was on duty as a clerk in the Town & Country store at 24th and Farnam Streets in Omaha, Douglas County, Nebraska. Powers was the only clerk on duty. After returning from attending to personal needs, Powers observed a black male at the door of the temporarily locked front door. Powers opened the door, and the person followed him into the store.

After taking his place behind the counter, Powers was asked for change for a dollar. Powers secured four quarters from the register, and the person did not immediately come to the counter to receive the quarters. The person instead asked if the store was taking applications and received no as the answer.

Thereupon, the person stated, "[T]his is a stickup," while reaching into his beltline as if trying to pull something from that area. Powers testified that he impulsively replied, "Fuck that," and reached for a tire iron in a box below him. Powers never saw a weapon. The person retreated, paused at the outside door for a moment, and then fled. Powers testified that he observed the man for the entire 1½ minutes the incident lasted, a substantial part of the time from 3 feet away. The store was well lighted.

Powers testified he was shaken and frightened by this incident. Subsequently, the incident was reported to the Omaha police, and a description of the person was given. Powers identified the appellant as the robber at trial and previously at a photo showup conducted by the Omaha Police Division. The photo showup is not challenged in this court.

The crux of appellant's argument seems to be that since Powers resisted the robbery, he was therefore not "put in fear," and the State has failed to prove an essential element of its case. The point is interesting, but not persuasive. On reflection, Powers, and a victim of any crime, might unwisely resist, yet the fact exists that Powers did testify that he was frightened by the implied threat of violence. The State established a prima facie case, and the assignment is without merit.

A sentence will not be set aside absent an abuse of discretion by the trial court. *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986).

In its sentencing dialogue, the court elicited from the appellant that he had received a juvenile commitment for the offense of robbery in 1976; an adult conviction for burglary in 1978, with a 2- to 4-year sentence; a jail sentence for theft in 1982; convictions and jail sentences in 1983 and 1984 for shoplifting (four times), gambling, disorderly conduct (twice), and giving false information (twice). In 1988, a conviction of possession of drug paraphernalia resulted in only a fine.

We are not persuaded that the trial court abused its discretion. The assigned errors are without merit.

AFFIRMED.