STATE OF NEBRASKA, APPELLEE, V. KAY ANNETTE THAYER, APPELLANT.

453 N.W.2d 474

Filed April 6, 1990.   No. 89-782.

Charles F. Fitzke, Scotts Bluff County Public Defender, and Robert L. Wolf for appellant.

Robert M. Spire, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

After trial to a jury, the defendant, Kay Annette Thayer, was convicted of possession of methamphetamine, in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1988), a Class IV felony. She was sentenced to a term of 2 years' probation.

The defendant has appealed, contending the district court erred (1) in failing to grant her motion for a directed verdict and (2) in imposing an excessive sentence.

The record shows that during the early morning hours of January 10, 1989, the defendant was arrested near McGrew, Nebraska, pursuant to a warrant. After her vehicle had been stopped and the defendant had been identified as the driver, she was searched, and a cigarette case was taken from her clothing. The cigarette case contained two small straw vials with crimped ends. A laboratory analysis disclosed that one of the straws contained methamphetamine. The defendant did not testify at trial.

The defendant does not challenge the information and does not contend that the court's instructions to the jury were improper. In her first assignment of error, she argues only that the State failed to prove all of the elements of the offense beyond a reasonable doubt because the State failed to prove the statutory law that specifically prohibits the possession of methamphetamine. In other words, the State "in failing to prove the indicated portions of the criminal code [§ 28-416(3) and Neb. Rev. Stat. § 28-405(c)(3), [Schedule II] (Reissue 1989)] has failed to prove an essential element of its case." Brief for appellant at 7-8.

In *State v. Frank*, 61 Neb. 679, 85 N.W. 956 (1901), we held

that it is the duty of the courts to take judicial notice of the laws enacted by the Legislature.

In *Board of Educational Lands & Funds v. Gillett*, 158 Neb. 558, 64 N.W.2d 105 (1954), we held that all courts must take judicial notice of the public law prevailing within the forum. The rule is applicable to all general statutes. See, also, *Campbell v. Campbell*, 168 Neb. 533, 96 N.W.2d 417 (1959); *Pallas v. Dailey*, 169 Neb. 277, 99 N.W.2d 6 (1959); *Powell v. Van Donselaar*, 160 Neb. 21, 68 N.W.2d 894 (1955).

That a matter is judicially noticed means merely that it is taken as true without the offering of evidence by the party who ordinarily should have done so. *Board of Educational Lands & Funds v. Gillett, supra.*

The defendant's argument is similar to that advanced in *Russell v. State*, 182 Ind. App. 386, 395 N.E.2d 791 (1979). In *Russell*, the defendant was convicted of illegal possession of marijuana. He argued on appeal that the trial court erred by (1) giving an instruction which included the sentence "The Indiana Uniform Controlled Substances Act defines marijuana as a controlled substance," (2) giving an instruction which did not list as an element of the offense which the State had to prove the fact that marijuana was a controlled substance, and (3) overruling his motion for judgment on the evidence based on his contention that the State failed to prove that marijuana was a controlled substance. The Indiana court observed, "All these allegations of error stem from defendant's contention that whether marijuana was a controlled substance when the offense occurred is a question of fact upon which the State must introduce evidence and persuade the jury beyond a reasonable doubt. This contention is wholly erroneous." *Id.* at 401, 395 N.E.2d at 800.

The *Russell* court then stated that marijuana was a controlled substance as a matter of law at the time the offense occurred, and held, "It is elementary that the court must take judicial notice of statutes . . . and has a duty to instruct the jury as to what is the law." (Citations omitted.) *Id.* at 401, 395 N.E.2d at 800-01.

In this case, the defendant was charged with knowingly or intentionally possessing "a controlled substance other than

marijuana, to wit: Methamphetamine, Schedule II (c) (3) of section 28-405 R.S. Supp. 1988." Section 28-416 provides that a person knowingly or intentionally possessing a controlled substance other than marijuana, unless authorized by statute, is guilty of a Class IV felony. A controlled substance is "a drug, substance, or immediate precursor in Schedules I to V of § 28-405." Neb. Rev. Stat. § 28-401(4) (Reissue 1989). Section 28-405(c)(3) [Schedule II] refers to the controlled substances "methamphetamine, its salts, isomers, and salts of its isomers." The trial court properly took judicial notice of the statutes and instructed the jury accordingly.

In her brief, the defendant acknowledges that the evidence was uncontroverted that she was in possession of methamphetamine "in the form of a powdery substance found in a crimped straw" found in the cigarette case taken from her. Brief for appellant at 7. The Supreme Court will sustain a criminal conviction if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Carter*, 234 Neb. 378, 451 N.W.2d 271 (1990). The defendant's first assignment of error is without merit.

In her second assignment of error, the defendant claims the district court erred in imposing an excessive sentence. The offense of which the defendant was convicted is a Class IV felony, with a maximum penalty of 5 years' imprisonment, a $10,000 fine, or both. She was sentenced to a term of 2 years' probation. As conditions of probation, the defendant was ordered to provide urine samples on a random basis at the request of the probation officer for the purpose of analyzing the sample for the presence of alcohol and controlled substances. The district court further ordered that the defendant serve the last 30 days of the probationary period in the county jail unless waived by the court. The defendant objects to the 2-year term of probation and claims that the district court abused its discretion in imposing these particular conditions of probation.

In sentencing the defendant, the trial court noted that the defendant's attitude was "not good" and that she showed no remorse for her actions. The trial court stated that the defendant was sentenced to probation only because

imprisonment would cause excessive hardship to her three minor children.

A sentence of probation, as opposed to a sentence of imprisonment, is a matter within the discretion of the trial court and will not be set aside on appeal absent an abuse of discretion. *State v. Grell*, 233 Neb. 314, 444 N.W.2d 911 (1989). The conditions of probation complained of are authorized by Neb. Rev. Stat. § 29-2262(2)(b), (n), and (p) (Cum. Supp. 1988). The sentence imposed was not excessive.

The judgment of the district court is affirmed.

AFFIRMED.