STATE OF NEBRASKA, APPELLEE, v. GERALD L. BETTS, APPELLANT.

244 N. W. 2d 195

Filed July 21, 1976. No. 40466.

Philip T. Morgan, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is a direct appeal from a sentence of 18 months to 3 years in the custody of Director of Corrections, imposed after a plea of guilty to a burglary charge. Prior to the submission of this case and oral argument thereon, the State filed a motion to dismiss the appeal because of lack of jurisdiction in this court, and we reserved ruling thereon pending hearing on the merits. We dismiss the appeal for lack of jurisdiction.

Defendant's guilty plea was accepted on August 14, 1975. He was sentenced by the District Court on September 26, 1975. On October 3, 1975, he filed a motion for a new trial which was overruled on October 17, 1975. He filed his notice of appeal herein on November 10, 1975. To give this court jurisdiction of a direct appeal in a criminal case, notice of appeal must be filed with the clerk of the District Court within 1 month after the overruling of a motion for a new trial or sentencing, whichever is later. § 25-1912, R. R. S.

1943; Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853. In the present case, the defendant filed his notice of appeal within 1 month of the overruling of the motion for a new trial that he filed. But his motion for a new trial was filed more than 10 days after his plea of guilty was accepted and judgment entered thereon. In a very recent case, State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650, we stated as follows: "The time requirements of section 29-2103, R. R. S. 1943, are mandatory. A motion for a new trial under that section must be filed within 10 days after the *verdict* is rendered, *not* within 10 days from the *date of sentencing,* unless the verdict and sentencing occur on the same day." (Emphasis supplied.) See, also, State v. Wood, 195 Neb. 353, 238 N. W. 2d 226 (1976). It is settled law in Nebraska that a motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect. Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558. Consequently, since his notice of appeal was filed on November 10, 1975, long after a month had expired subsequent to his sentencing of September 26, 1975, this court has no jurisdiction of the appeal and the motion to dismiss for lack of jurisdiction is sustained.

Since the case on its merits is fully briefed and we permitted full oral argument, we point out that there is no merit to the appeal. The sole issue raised is the excessiveness of the sentence. The sentence of 18 months to 3 years is clearly within the statutory limits of the possible penalties of 1 to 10 years in the Nebraska Penal and Correctional Complex, and it must stand unless there has been an abuse of discretion by the trial judge in imposing the sentence. State v. Flaherty, 193 Neb. 275, 226 N. W. 2d 631. There was an extensive presentence investigation made in this case and the trial judge gave it careful consideration. The defendant is a grown, mature man. He is about 36 years of age. The defendant was a participant with several others in burglaries and thefts in Nance, Merrick, York, Hamilton,

Hall, and Buffalo Counties. He did not act alone in the participation of these crimes, but rather the evidence supports the finding that it was a calculated, concerted, and continuous course of criminal conduct. Nor did the defendant act out of any urgent family or personal necessity. The record shows that he was making in the neighborhood of $1,000 per month in the trucking business during the same period of time of several months that he engaged in the different thefts over the central part of the State of Nebraska. There is evidence that the amount involved in the thefts was around $25,000, but by the defendant's own admission, the amount of the thefts was around $6,000 or $7,000. The record also shows that the court, in a comprehensive statement at the end of the sentencing proceedings, carefully considered all the mitigating factors that were urged by the defendant in imposing the sentence that it did. It is clear that there was no abuse of discretion on the part of the sentencing judge and that the asserted appeal is without merit.

The motion to dismiss the appeal is sustained on the ground of lack of jurisdiction, and the appeal is hereby dismissed.

APPEAL DISMISSED.