STATE OF NEBRASKA, APPELLEE, v. LEE A. BEANS, APPELLANT.

261 N. W. 2d 749

Filed January 25, 1978. No. 41265.

John T. Tarrell and James M. Kelley, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant is appealing his conviction for first degree murder. This conviction was entered following a plea of guilty. He received a sentence of life im-

prisonment. No motion for a new trial was filed. We affirm.

Defendant assigns as error the finding that he was competent to stand trial; lack of a sufficient factual basis to support the plea of guilty to first degree murder; ineffective assistance of counsel; and the involuntariness of his guilty plea. Beans, by failing to file a motion for new trial, is precluded from raising in this appeal any of the questions he seeks to raise.

In State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650 (1976), we determined that a motion for a new trial in a criminal case must be filed within 10 days after the verdict is rendered. When a guilty plea is accepted and the court enters a judgment of conviction thereon, that is the verdict of conviction. The motion for a new trial must be filed within 10 days thereafter. § 29-2103, R. R. S. 1943.

While this court may have jurisdiction, it will not ordinarily consider any error not presented to the trial court by a motion for a new trial if the trial court would have authority to correct the error assigned. State v. Price, 198 Neb. 229, 252 N. W. 2d 165 (1977). That rule is applicable herein, and the assignments defendant attempts to raise are not available on an appeal. This is not to suggest the defendant is without remedy. Any assignments reaching constitutional dimensions are available in a postconviction proceeding.

The judgment of the District Court is affirmed.

AFFIRMED.