Lee A. BEANS, Appellant,

v.

Charles BLACK, Warden, Nebraska Penal and Correctional
Complex, Appellee.

No. 84–1629.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1984.

Decided March 8, 1985.

John T. Tarrell, Kearney, Neb., for appellant.

Harold Mosher, Lincoln, Neb., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Lee A. Beans appeals from the district court's[1] denial of his 28 U.S.C. § 2254 habeas petition. In his petition appellant argues that his competency to stand trial was not determined through full, fair and adequate proceedings, and that he was denied effective assistance of counsel. We affirm.

In 1977 Beans pleaded guilty to first degree murder for the death of his estranged wife. He received a life sentence. The Beans had been involved in a bitter divorce, and on April 29, 1976, the night of the murder, Beans and the victim, both of whom were armed, became engaged in a heated argument, which ended with Mrs. Beans being fatally shot in the stomach. Several witnesses were present.

Beans was arrested and entered an initial plea of not guilty. An attorney, Gary Giese, was appointed for him. Giese met with Beans and explained the charges, his rights, and different defenses, but Beans insisted then, and throughout the hearing process, on a plea of guilty. Giese did not personally interview the witnesses but he did review the police report and witness statements and discussed the evidence with the defendant. He spoke also with two of the four Beans children.

On May 6, 1976 Giese filed a motion for a hearing to determine Beans' competency to stand trial, which was granted. Appellant was admitted to the Lincoln Regional Center (LRC) for examination. Several more hearings were held and each time the judge ordered further evaluations be made because the LRC reported that Beans was not competent to stand trial. At one hearing Giese stated that his client was dissatisfied with the LRC's report that he was incompetent and desired to have a different psychiatrist evaluate him. The court refused to appoint another psychiatrist but agreed to cooperate if defendant desired to procure an independent opinion. This second evaluation was never obtained. On December 23, 1976 a letter from the LRC declaring Beans competent to stand trial was presented to the court. Giese did not present any evidence but did state that his client was not competent because he was unwilling to cooperate in his own defense. The court found that Beans was then competent to stand trial.

On December 27, 1976 an arraignment was held at which time the court reviewed Beans' constitutional rights and determined that he had discussed the charge, possible penalties and defenses with his attorney. Beans pleaded guilty, which Giese stated was against his advice. On January 4,

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska.

1977 a hearing was held to determine the factual basis of the charge, and Beans' attorney reiterated that the defendant had been uncooperative. The court, however, found that the plea was voluntarily and intelligently made and accepted it.

After sentencing Giese informed Beans of his right to appeal. Beans stated that he was not interested and signed a waiver absolving Giese's office of responsibility. Later a direct appeal was filed through a different appointed counsel, but it was denied because a new trial motion had not been made. *State v. Beans*, 199 Neb. 807, 261 N.W.2d 749 (1978). In December, 1980 Beans filed a motion for relief under the Nebraska Post-Conviction Act. An evidentiary hearing was held at which Beans' medical expert, Dr. Cole, testified that the LRC's report was faulty in that it was based on inconsistent conclusions, contradictory statements, inadequate procedures, and contained cautionary language. The Nebraska courts, however, stating that Dr. Cole never examined Beans and had not read all of the LRC's reports, chose to accept the LRC's report of competence. *State v. Beans*, 212 Neb. 31, 321 N.W.2d 72 (1982). Beans then sought relief in federal district court under 28 U.S.C. § 2254 which was denied and this appeal followed.

Appellant argues that the hearing to determine his competency was not full, fair and adequate because the letter from the LRC constituted insufficient evidence of competency.

Since competency to stand trial is a factual issue, we must presume the state court's findings to be correct unless they can be faulted for one of the reasons listed in 28 U.S.C. § 2254(d). *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). If appellant is correct and he was not given an adequate hearing, the presumption of correctness would fall because state court findings are not entitled to deference when "the applicant did not receive a full, fair, and adequate hearing in the state court proceeding." Section 2254(d)(6). Clearly a defendant is entitled to a hearing to determine his competency to stand trial when sufficient evidence is presented raising a "bona fide doubt" as to his competency. *Drope v. Missouri*, 420 U.S. 162, 173, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966); *Speedy v. Wyrick*, 702 F.2d 723 (8th Cir.1983). Failure to provide an adequate hearing on competency when necessary deprives a defendant of his due process right to a fair trial. *Drope*, 420 U.S. at 172, 95 S.Ct. at 904; *Pate*, 383 U.S. at 386, 86 S.Ct. at 842.

Appellant's competency was considered several times before his plea of guilty was accepted. First a hearing was held May 6, 1976 to decide whether his attorney's motion for a hearing to determine competency should be granted. At his arraignment on August 18, 1976 the court refused to accept defendant's guilty plea until his competency to plead guilty could be further evaluated. On October 6, 1976 the court *sua sponte* ordered a hearing to determine Beans' competency, and again committed Beans to the LRC for further evaluation. On December 23, 1976 a hearing was held at which time the prosecution presented a report from the LRC stating that Beans was able to comprehend the proceedings against him and to cooperate with his attorney in his defense. The defense did not present any evidence at this hearing but Giese did state that he believed Beans was not able to stand trial because of his uncooperative attitude. The court decided to accept the LRC's report and determined that Beans was competent to stand trial.

At Beans' post-conviction hearing his competency to stand trial was again considered and he presented expert testimony to demonstrate the weaknesses of the LRC's report. However, after considering all of the evidence the Nebraska courts found that Beans was competent to stand trial.

While the issue of Beans' competency is not free from doubt on the merits, we cannot conclude, in light of the history of these proceedings, that Beans was denied a

full, fair and adequate hearing on the question. Therefore, we are constrained to accept the state court's findings of Beans' competency as correct.

Appellant further argues that his appointed counsel, Giese, provided ineffective assistance of counsel in that he failed to properly investigate the case, failed to procure an independent evaluation of Beans' competence to stand trial, and did not pursue a plea bargain with the prosecution.

To prove ineffective assistance of counsel, Beans must prove that his attorney failed to exercise the customary skills and diligence of a reasonable attorney in similar circumstances and that the defendant was materially prejudiced by this failure. *Hill v. Lockhart,* 731 F.2d 568, 572 (8th Cir.1984); *Carpenter v. United States,* 720 F.2d 546, 547–48 (8th Cir.1983); *see also Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). There is a presumption that counsel rendered effective assistance. *Hill,* 731 F.2d at 572.

The Supreme Court has recently stated that the duty to investigate can be defined as "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 104 S.Ct. at 2066; *see Pickens v. Lockhart,* 714 F.2d 1455 (8th Cir.1983); *Hawkman v. Parratt,* 661 F.2d 1161 (8th Cir.1981). The reasonableness of a decision not to investigate is to be judged according to the circumstances of each case with great deference given to the attorney's decision. *Strickland,* 104 S.Ct. at 2066. By this standard we conclude that Giese's investigation was sufficient. Giese never personally interviewed the eyewitnesses but he did discuss the evidence with Beans and reviewed the statements of the investigating officers and witnesses. Generally, a competent attorney as part of his investigation will independently interview the witnesses. *Hawkman,* 661 F.2d at 1169. We cannot say that this was necessary in this case. The reasons for this are, first, the consistency between Beans' version of the events and

the police reports reasonably led Giese to believe that further investigation would not lead to any unknown facts. Also, this is not a case in which counsel's lack of investigation on a crucial issue caused him to give incorrect advice. *See Ford v. Parratt,* 638 F.2d 1115 (8th Cir.1981). Rather, from his investigation Giese determined that a guilty plea was incorrect and counseled against it. Additionally, Beans has failed to allege in what way he was prejudiced by Giese's failure to personally interview the witnesses. He has not demonstrated what evidence Giese could have discovered which would have changed Giese's advice to plead not guilty and how that would have helped his defense.

Giese's failure to procure a second opinion as to Beans' competency is likewise an alleged failure to investigate. Although it might have been preferable to have procured this independent opinion, we cannot say that Giese's failure to do so was unreasonable under the standard set out in *Strickland.* It appears from the evidence at the time of the original hearing and that gathered at the post-conviction hearing that Giese did not believe Beans to be incompetent but merely uncooperative. The doctors at the LRC had had ample time in which to evaluate Beans and there was no reason for Giese to question their judgment. When a second opinion in the form of Dr. Cole's testimony was offered at the post-conviction hearing, it was rejected by the Nebraska courts. Thus, it does not appear that Beans' defense was prejudiced by any lack of independent evaluation.

Last, Giese's failure to procure a plea bargain was not the result of ineffective assistance of counsel. Defense counsel does not always have a duty to initiate plea bargain negotiations. *Hawkman,* 661 F.2d at 1171. Here, Giese attempted to discuss the possibility of a plea bargain with both the prosecutor and appellant, but neither was interested. Giese did not have a duty to attempt to force them from their intransigent positions. In sum, we find that Beans has failed to prove

that the acts of his attorney were not the acts of reasonably competent counsel and that he was prejudiced thereby.

We are not unsympathetic with Beans and indeed were we trying the case de novo we might not find him guilty of murder in the first degree. However, we do not sit de novo. At this stage, we can only observe that Beans might have more success in finding relief in the form of executive clemency for we find nothing in the record which would justify habeas relief. Largely upon the basis of the district court's well-reasoned opinion, the judgment of that court is affirmed.[2]

---

**2.** We wish to thank appellant's appointed counsel for his diligent and capable prosecution of this appeal.