State of Nebraska, Appellee, v. James G. Daly, Appellant.
418 N.W.2d 767

Filed February 12, 1988.   No. 87-656.

Richard J. Bruckner, for appellant.

Robert M. Spire, Attorney General, and Royce N. Harper, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Per Curiam.

The defendant was originally charged with first degree assault and felony child abuse. On March 6, 1987, an amended information was filed, alleging two counts of misdemeanor child abuse, negligently causing or permitting a minor child to be placed in a situation that endangered her life or health. Neb. Rev. Stat. § 28-707(1) (Reissue 1985).

On the same day, the defendant entered a plea of guilty to each count and was adjudged guilty on each count.

On May 21, 1987, the defendant was sentenced to imprisonment for 1 year on each count, the sentences to run concurrently, and was given credit for 4 days jail time. On the same day the defendant filed a notice of appeal to this court. That appeal was docketed as No. 87-480.

On June 19, 1987, the defendant filed a stipulation in this

court that the appeal be dismissed as premature. The stipulation was allowed; the appeal was dismissed; and on June 24, a mandate was issued.

On May 22, 1987, the day after the notice of appeal to this court was filed, the defendant filed a motion for new trial in the district court. Neb. Rev. Stat. § 29-2103 (Reissue 1985) requires that a motion for new trial in a criminal case, except for newly discovered evidence, "be filed within ten days after the verdict was rendered unless unavoidably prevented."

A motion for new trial must be filed within 10 days after the verdict is rendered, not within 10 days from the date of sentencing, unless the verdict and sentencing occur on the same day. *State v. Betts*, 196 Neb. 572, 244 N.W.2d 195 (1976). When a guilty plea is accepted and the court enters a judgment of conviction thereon, it constitutes a verdict of conviction. The motion for new trial must be filed within 10 days thereafter. *State v. Beans*, 199 Neb. 807, 261 N.W.2d 749 (1978); *State v. Betts, supra*.

Since the defendant was found guilty on March 6, 1987, the motion for new trial filed on May 22 was out of time and a nullity. *State v. Betts, supra*.

On July 10, 1987, a second motion for new trial was filed, but this motion was later withdrawn.

On July 13, 1987, the defendant filed a third motion for new trial, alleging that during the sentencing hearing on May 21, evidence was discovered which led to the "newly discovered evidence set forth in exhibits 1, 2, 3 and 4 . . . ." Exhibits 1 and 3 were affidavits of defendant's counsel; exhibit 2 was an affidavit of the defendant; and exhibit 4 was a transcript of the sentencing hearing on May 21.

This July 13 motion was overruled on July 17, 1987. A notice of appeal was filed the same day. This appeal, which is from the order of July 17, is docketed in this court as case No. 87-656.

The defendant's assignments of error on this appeal relate to the sentencing, which took place on May 21, 1987. The defendant contends that the trial court was improperly influenced by a conversation with a psychiatrist who had been treating the defendant; by the defendant's refusal to take a polygraph test prior to sentencing; and by observing color

photographs of the injured child, which the defendant claims were not available to him prior to sentencing. We reach none of these matters, because the defendant has presented no newly discovered evidence which could be the basis for an order granting a new trial for newly discovered evidence.

The trial court's conversation with the psychiatrist related to the reason the defendant had refused a polygraph test. Previously, the defendant or his counsel had informed the trial court that the defendant had refused the polygraph test on the advice of the psychiatrist. At the time of sentencing the defendant had all of the information that was later presented to the trial court in the form of affidavits at the hearing on July 17, 1987. So far as the polygraph test itself is concerned, the trial court stated that the defendant was not being penalized for refusing to take a polygraph test, because the court recognized that he had a right to refuse to submit to such a test, and that the refusal did not influence the sentencing.

The photographs referred to had been in the possession of the Bellevue Police Department, were obtained by the trial court on the day before the sentencing, and were made a part of the presentence report.

All of the foregoing matters were known to the defendant at the time of sentencing and do not constitute newly discovered evidence within the meaning of the statute. Generally, newly discovered evidence is evidence material to the defense which could not with reasonable diligence have been discovered and produced at the trial. *State v. Munson*, 204 Neb. 814, 285 N.W.2d 703 (1979).

If the defendant wanted to claim surprise and obtain leave to present additional information to the trial court before sentencing, his remedy was to request a continuance at the sentencing hearing and make a showing in the record as to the reason the continuance was requested. No continuance was requested.

There being no error, the judgment is affirmed.

AFFIRMED.