UNITED STATES of America, Appellee,

v.

**Benjamin Herbert LOCKSTEIN, Appellant.**

No. 88–1709.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1988.

Decided Oct. 12, 1988.

Benjamin Herbert Lockstein, Ontario, Canada, pro se.

Michael D. Johnson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Benjamin H. Lockstein appeals from the order of the district court [1] denying his pro se 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Lockstein maintains that his plea of guilty to a charge of conspiracy to import controlled substances, in violation of 21 U.S.C. § 963, was the result of the ineffective assistance rendered by his court-appointed counsel during the plea negotiation process. We affirm.

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern Dis-     trict of Arkansas.

Lockstein, a citizen of Canada, was apprehended by authorities in Phillips County, Arkansas, just after he landed an aircraft loaded with marijuana and hashish oil. He subsequently pleaded guilty to conspiracy to import these substances. In return, the government dismissed four other counts of the indictment against Lockstein, informed the court of Lockstein's cooperation, and made no recommendation as to the sentence to be imposed. On September 22, 1986, the district court sentenced Lockstein to twelve years of imprisonment and a fine of $100,000. The court denied Lockstein's subsequent motions to reduce his sentence.

On July 15, 1987, however, the court, having heard testimony in the trial of one of Lockstein's associates, on its own motion reconsidered its earlier denial of the motion for reduction of sentence. The court reduced Lockstein's sentence to six years in prison and a fine of $25,000, in order "to conform to the defendant's involvement in the overall scheme and, more importantly to be proportionate to his involvement compared to [the other conspirators]." *United States v. Lockstein*, No. LR–CR–86–93(1) (E.D.Ark. July 15, 1987) (order).

Lockstein then filed the instant section 2255 motion, alleging that his appointed counsel failed to confer with him adequately, conduct a thorough investigation, and shield him from the government's coercive tactics. Lockstein claimed that these errors deprived him of the opportunity to make a knowledgeable choice between accepting the plea agreement or going to trial, and that prejudice was shown by the subsequent reduction in his sentence. The district court denied the motion, finding that Lockstein had failed to show either deficient performance by counsel or prejudice from the asserted errors. This appeal followed.

To establish his claim of ineffective assistance, Lockstein must show that, if not for his counsel's errors, "he would not have pleaded guilty [but] would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *see also Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir.1986) (contention that effective counsel could have negotiated a better plea bargain insufficient to satisfy *Hill*, in absence of allegation that proper advice would have led defendant to reject deal and go to trial).

Lockstein essentially claims that counsel's failure to investigate his relatively minor role in the importation scheme led to an ill-advised guilty plea. Lockstein has failed, however, to point to any information that his counsel should have revealed to him. Nor has Lockstein cited any fact, unknown at the time of his decision to plead guilty, that would have made going to trial a more appealing alternative. *See Hill*, 474 U.S. at 59, 106 S.Ct. at 371; *Beans v. Black*, 757 F.2d 933, 936 (8th Cir.) (prejudice requirement unsatisfied when petitioner failed to demonstrate what evidence counsel could have uncovered that would have aided defense or changed advice), *cert. denied*, 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 334 (1985). Lockstein's suggestion that he was prejudiced by his counsel's failure to present mitigating circumstances to the district court at sentencing is without merit; the court noted these factors in reducing Lockstein's sentence.

We have carefully considered each of Lockstein's additional arguments, and we agree with the district court that no prejudice has been shown in support of the section 2255 motion. Accordingly, we affirm the order of the district court.