67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Francisco J. SANTIAGO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6214.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1995.
 
 Before: MILBURN, GUY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Francisco J. Santiago, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1988, Santiago pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 846. The court sentenced Santiago to 78 months of imprisonment. The record does not reflect that Santiago appealed his conviction or sentence.
 
 
 3
 In his Sec. 2255 motion to vacate his sentence, Santiago argued that: 1) the district court incorrectly calculated his base offense level; 2) the district court improperly relied on incorrect information contained in his presentence investigation report; and 3) counsel rendered ineffective assistance. Upon review of the motion and the government's response, the district court denied the motion as without merit. Santiago has filed a timely appeal, reasserting his same claims. He also moves for the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993).
 
 
 5
 Santiago is barred from seeking relief on his first two claims. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Santiago must demonstrate cause and prejudice to excuse his failure to raise these claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). No cause is alleged and none is apparent, and Santiago can show no prejudice as his claims are without merit.
 
 
 6
 The district court properly calculated Santiago's base offense level. See United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). The government met its burden of proving, by a preponderance of the evidence, that the controlled substance attributed to Santiago contained dextro-methamphetamine. Id. Santiago's claim that the district court relied on incorrect information contained in the PSI report is frivolous because Santiago did not bring any alleged inaccuracies in the PSI report to the attention of the sentencing court. See United States v. Fry, 831 F.2d 664, 667-69 (6th Cir.1987). Moreover, Santiago did not show that the sentencing court relied on any alleged inaccuracies. See United States v. Mandell, 905 F.2d 970, 973-74 (6th Cir.1990).
 
 
 7
 Santiago received effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Although counsel could have procured an independent opinion as to the type of methamphetamine, counsel's alleged failure to do so was not unreasonable in this case as Santiago has not presented any evidence to cast doubt on the procedures used, or the conclusion reached, by the DEA chemist. Cf. Beans v. Black, 757 F.2d 933, 936 (8th Cir.) (counsel's failure to procure a second opinion as to the defendant's competency to stand trial does not constitute ineffective assistance in the absence of some evidence questioning the state's results), cert. denied, 474 U.S. 979 (1985).
 
 
 8
 Accordingly, we grant Santiago pauper status for the limited purpose of this review, deny the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.