IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ARELLANO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSE A. ARELLANO, APPELLANT.

Filed December 12, 2017.    No. A-17-346.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed as modified.

Stacy C. Bach, of Nossaman Petitt Law Firm, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Jose A. Arellano was charged with eight counts of possession of a firearm by a prohibited person, one count of possession of a controlled substance, and two counts of possession of drug paraphernalia. After a trial, a jury found him guilty of eight counts of possession of a deadly weapon by a prohibited person and not guilty of the remaining charges. The district court sentenced Arellano to the mandatory minimum period of 3 years' imprisonment for each charge, with 95 days' credit for time served before sentencing. All sentences were ordered to run concurrently. Arellano appeals, and for the reasons set forth more fully below, we affirm the judgment but modify the sentencing order.

## II. BACKGROUND

On November 17, 2016, Arellano was charged by information with: eight counts of possession of a firearm by a prohibited person, each count a Class ID felony pursuant to § 28-1206(3)(b); one count of possession of a controlled substance, a Class IV felony pursuant to § 28-416(3); and, two counts of possession of drug paraphernalia, each count an infraction pursuant to § 28-441.

On January 19, 2017, Arellano filed a motion in limine to exclude evidence that, at times relevant to this case, Arellano was subject to a protection order which prohibited him from possessing or purchasing a firearm. He argued that the State could not prove that the protection order had been properly served.

At a hearing on the motion, Arellano offered a copy of the protection order in Case CI 16-117, Morgan Graham v. Jose Arellano. He also offered a copy of an order in a separate case, Shimek v. Green, CI 16-510. The State made a relevance objection to the second order. Arellano stated that the second order showed the deputy in that case served a copy of the protection order marked with a certain document number, whereas in this case, the deputy certified that he served "a cover sheet with attachments." Thus, Arellano stated that there was not sufficient documentation showing he was served with the protection order. The State argued the attachments referred to in Arellano's case are specifically identified on the cover sheet, and the protection order was included.

On January 25, 2017, the district court found that the deputy's return sufficiently identified the attachments so that Exhibit 3 could be competent evidence regarding whether Arellano "had knowledge of the prohibition contained in the protection order." The court stated "Properly presented and offered, exhibit 3 would be admitted and the finder of fact could give it whatever weight considered appropriate."

Trial took place on February 7 and 8, 2017. Exhibit 3 was offered at trial as Exhibit 5. No objection was made to Exhibit 5. Arellano testified that a sheriff served him with a protection order and told him that he could not contact Morgan Graham. He said the sheriff did not tell him about the provision regarding the ownership or possession of guns. He said "I knew I had a protection order," but that he put the document in his filing cabinet without reading the document in detail.

Arellano testified that he purchased guns from a website, and when he picked them up from a local dealer he filled out a questionnaire. The form asked whether he was subject to a protection order and he "tried to fill out yes." He said he did not think that he was disqualified from purchasing guns. He asserted that when he tried to check "yes," the shop owner gave him a new copy of the form and told him to check "no." He specifically testified that he was aware that he was subject to a protection order, but he was not aware that he was prohibited from buying or having guns.

Following deliberations, the jury found Arellano guilty of eight counts of possession of a firearm by a prohibited person and not guilty of the remaining charges. The verdict was accepted by the court and judgment was entered on February 8, 2017.

On March 22, 2017, the district court sentenced Arellano to the mandatory minimum period of 3 years' imprisonment for each charge, with 95 days' credit for time served before sentencing. All sentences were ordered to run concurrently.

Arellano's motion for new trial was filed on March 22, 2017. Arellano asserted: there was irregularity in the proceedings of the court; the court abused its discretion, preventing him from receiving a fair trial; and, the verdict was not sustained by sufficient evidence. A hearing on the motion was held on March 28, 2017.

Arellano appeals from the March 22, 2017 sentencing order. His notice of appeal was filed on March 28.

## III. ASSIGNMENTS OF ERROR

Arellano asserts the district court erred in denying his motion in limine and his motion for new trial. He asserts the district court erred in requiring the jury to continue to deliberate outside of the presence of counsel. He also asserts that he received ineffective assistance of counsel.

## IV. STANDARD OF REVIEW

A ruling on a motion in limine is not a final ruling on the admissibility of evidence and therefore does not present a question for appellate review. *State v. Schreiner*, 276 Neb. 393, 754 N.W.2d 742 (2008).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Filholm, supra*.

## V. ANALYSIS

### 1. MOTION IN LIMINE

Arellano asserts the trial court erred in denying his motion in limine, specifically regarding the admission of an exhibit, which was later marked as Exhibit 5. Exhibit 5 contains an ex parte domestic abuse protection order issued on February 25, 2016 preventing Arellano from having contact with the petitioner for one year from the date of issuance. The order also provided, in part, that Arellano was enjoined and prohibited from possessing or purchasing a firearm as defined in Neb. Rev. Stat. § 28-1201 (Reissue 2016).

At a hearing on Arellano's motion in limine to exclude the exhibit, he argued that it did not show that he was properly served with the protection order, thus he did not have notice that he was prohibited from purchasing or possessing firearms. The court determined that if the exhibit was properly presented and offered, it would be admitted and the finder of fact could give it whatever weight considered appropriate.

A ruling on a motion in limine is not a final ruling on the admissibility of evidence and therefore does not present a question for appellate review. *State v. Schreiner, supra*. Because overruling a motion in limine is not a final ruling on the admissibility of evidence and therefore does not present a question for appellate review, a question concerning admissibility of evidence which is the subject of a motion in limine is raised and preserved for appellate review by an

appropriate objection to the evidence during trial. *State v. Glazebrook*, 22 Neb. App. 621, 859 N.W.2d 341 (2015).

When Exhibit 5 was offered at trial, no objection was made to its admission. Failure to make a timely objection waives the right to assert prejudicial error on appeal. *State v. Glazebrook, supra,* citing *State v. Cox*, 21 Neb. App. 757, 842 N.W.2d 822 (2014). Thus, we find Arellano waived the right to argue the merits of the court's decision with regard to his motion in limine on appeal.

We note that Arellano argues his counsel was ineffective for failing to object to the offer of Exhibit 5 at trial. This argument will be addressed in further detail, below.

## 2. NEW TRIAL

Arellano asserts the court erred and abused its discretion in failing to grant his motion for new trial. He asserts the court allowed prejudicial evidence into the record and gave improper instructions to the jury outside of his presence or the presence of his counsel. He asserts that the court has the statutory authority to grant a new trial and that he is entitled to a new trial on the merits of this case.

A motion for a new trial in a criminal case is controlled by Neb. Rev. Stat. §§ 29-2101, et seq. (Reissue 2016). Section 29-2103 provides that a motion for new trial must be filed within 10 days after the verdict was rendered unless the basis for the motion is newly discovered evidence or newly discovered exculpatory DNA or forensic evidence. See *State v. Egger*, 8 Neb. App. 740, 601 N.W.2d 785 (1999) See, also, *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993)(holding that motion for new trial not filed in conformity with statutory requirements as to time may not be considered on appeal). A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect. *State v. Betts*, 196 Neb. 572, 244 N.W.2d 195 (1976).

The verdict was rendered on February 8, 2017 and Arellano's motion for new trial was filed on March 22. His motion was not based upon newly discovered evidence. More than 10 days had passed from the rendition of the verdict, therefore his motion for new trial was not timely filed.

A hearing was held on Arellano's motion for new trial, and the court made an oral pronouncement that the motion for new trial was overruled. Assuming there was a written order or journal entry denying the motion for new trial, there is no such document in the record presented to us for review. Even if our record contained such a document, it would have no effect, as the underlying motion is a nullity. Accordingly, we do not address the merits of Arellano's argument regarding his motion for new trial.

## 3. JURY DELIBERATIONS

Arellano asserts the district court "erred in requiring the jury to continue to deliberate outside of the presence of counsel." He argues that the court abused its discretion in failing to notify counsel of questions submitted to the court by the jury during deliberations.

Any such communication was not a part of the trial record. We recognize that the lack of a record of these alleged communications is part of the reason for Arellano's motion for new trial, but the issue was not preserved by a timely filed motion.

At the hearing on Arellano's motion for new trial, two exhibits were received as evidence. As previously discussed, the hearing on the motion for new trial is a nullity. Therefore the evidence received at the hearing on that motion cannot be considered on appeal.

Arellano cites no evidence, other than that which was received at the hearing on the motion for new trial, to support his assertion that the trial court failed to give the parties the opportunity to offer an opinion or make an objection to the Court's written communication with the jury. Accordingly we do not address the merits of Arellano's argument on the court's alleged "failure to notify counsel of the jury's question." Brief for appellant at 15.

### 4. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Arellano asserts his trial counsel was ineffective for failing to: file a motion for recusal of the trial judge; call all of his desired witnesses; file a motion to suppress certain evidence brought against him; and, object to the introduction of Exhibit 5 at trial.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.*

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved in direct appeal. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* An ineffective assistance of counsel claim will not be resolved on direct appeal if it requires an evidentiary hearing. *Id.*

### (a) Failure to Request Recusal of Trial Judge

Arellano asserts his counsel was ineffective for failing to request that the trial judge recuse himself from the jury trial in this case because he presided over another matter in which Arellano was involved.

As previously discussed, Arellano was charged with possession of a deadly weapon by a prohibited person. He was considered to be a "prohibited person" because there was a protection order in effect which also enjoined and prohibited him from possessing or purchasing a firearm as defined in § 28-1201. The trial judge was not the judge who granted the ex parte domestic abuse protection order, but he ruled on the petitioner's subsequent motions to vacate and set aside the protection order against Arellano.

Arellano argues that but-for the trial judge's decision to deny the petitioner's two motions to vacate and set aside, he would not have been in violation of the prohibitions in the protection order on October 14, 2016, when multiple firearms were discovered in his home. He argues that the trial judge had personal bias or prejudice against him, or personal knowledge of the facts that are in dispute in this proceeding; therefore, his trial counsel should have sought disqualification under Neb. Rev. Code of Judicial Conduct § 5-302.11.

Neb. Rev. Code of Judicial Conduct § 5-302.11 provides, in part:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

We find this assignment of error requires an evaluation of counsel's trial strategy and the record is insufficient for us to evaluate counsel's action to determine whether his performance was deficient. Thus we do not reach the merits of this assignment of error.

### (b) Failure to Call Witnesses

Arellano asserts his trial counsel failed to call all of his desired witnesses. He states: "Obviously the record does not, and cannot reflect the wishes of a Defendant. But the Defendant now asserts that all his desired witnesses were not called at trial in this matter." Brief for appellant at 17.

Arellano's brief contains no further argument and does not identify the witnesses who he believes should have been called. Thus, the State argues, Arellano has abandoned this argument.

The Nebraska Supreme Court considered a similar issue in *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). The court stated the vague assertion referring to "at least two" witnesses would be beneficial to his case seemed to be little more than a placeholder. *Id.* at 133, 853 N.W.2d at 867. The Nebraska Supreme Court expressed concern that the lack of specificity, as to who those uncalled witnesses were, hampers a potential postconviction court's ability to identify if a particular 'failure to call a witness' claim is the same one that was raised on direct appeal. Ultimately, the court found Abdullah failed to make sufficiently specific allegations of deficient conduct relating to the alleged failure to call witnesses. Likewise, we find Arellano's statement that counsel failed to call "all his desired witnesses," is not sufficiently specific to preserve this issue for postconviction review.

### (c) Failure to File Motion to Suppress

As part of the investigation in this matter, Sergeant Lance Kite called Arellano and asked him to come to the police station so the police department could return some personal property to him. The police department was in possession of a handgun that belonged to Arellano but Kite did not, in fact, plan to return it to him. When Arellano arrived, Kite told him they had a search warrant for his home and that officers were on their way to execute the warrant.

Arellano asserts that his trial counsel should have filed a motion to suppress the evidence taken from his home because the Sergeant involved "may have used inappropriate tactics" to get him to "come back to the police station and pick up his firearms, knowing he was a prohibited person." Brief for appellant at 19.

Once the search warrant was issued, it would have been executed with or without Arellano's presence. Neb. Rev. Stat. § 29-814.04 (Reissue 2016). Kite indicated the call was made to get Arellano away from his home and any weapons he possessed for the safety of the officers and citizens in the area of the search. Arellano asserts that his attorney should have filed a motion

to suppress the firearms discovered in his home, but does not explain why the tactics employed by the police department would have resulted in suppression if the issue had been raised.

We are not aware of any case law which would have justified or required suppression of the evidence seized pursuant to a search warrant purely because the defendant was lured away from the site of the search under false pretenses. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Thoi Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010).

(d) Failure to Object to Exhibit 5

Arellano asserts his trial counsel was ineffective for failing to object to the admission of Exhibit 5, which was the subject of Arellano's motion in limine. Arellano makes no further argument with regard to this exhibit.

Arellano argued in his motion in limine that the document in our record marked "Exhibit 5" does not reflect the protection order that was served on him, thus the State did not prove by sufficient evidence that he was a "prohibited person."

Exhibit 5 contains a cover sheet marked "Doc. No.: 62731" which directed the sheriff to personally serve Arellano with "the attached document" in Case ID: CI 16-117, Morgan Graham v. Jose Arellano. The cover sheet was issued on February 25, 2016 and contained the following "special instructions":

> Please serve the following certified copies: Ex Parte Domestic Abuse Protection Order, Petition and Affidavit to Obtain Domestic Abuse Protection Order, and Request for Hearing

The return of service in Exhibit 5 shows Arellano was personally served with "Doc. No. 62731 a cover sheet with attachments, on 2/26/2016 at 9:18 AM." The return is marked with the same case ID and case name as the cover sheet, and the same case ID and case name as the affidavit and protection order which are also contained in Exhibit 5. The Ex Parte Domestic Abuse Protection Order is marked "Document No.: 62730" and Arellano argued this is sufficient proof that protection order was not served upon him, thus he had no notice that he was a "prohibited person."

There appears to have been a scrivener's error in marking the correct document number of the protection order (62730), which is one digit off from document number identified on the cover sheet and return of service (62731). However it is clear that the parties, the case number (CI 16-117), and the filing date are the same. The return of service indicates the Arellano was personally served with the identified document and attachments one day after the protection order was issued. In response to Arellano's motion in limine, the trial judge found that the attachments were sufficiently identified and were competent evidence regarding whether Arellano had knowledge of the prohibition contained in the protection order.

Arellano's counsel made the same arguments in his opening and closing statements at trial, asserting that the document number of the return of service did not match the document number on the ex parte domestic abuse protection order. Arellano testified that he was served with a protection order, and that he was instructed not to have contact with Morgan Graham, the petitioner identified on the protection order, the cover sheet, the return of service, and all of the relevant attachments, which all share the same case number. This evidence tends to show that Arellano was

served with the protection order, requested by Morgan Graham, which contained a provision stating that he was prohibited from purchasing or possessing firearms. Upon our review, we find that if counsel had objected to the introduction of Exhibit 5, the objection would have been overruled. Counsel was not ineffective for failing to object to the exhibit because the objection would have been found to be meritless. See *State v. Thoi Vo, supra.*

### (e) Failure to File Timely Motion for New Trial

In his reply brief Arellano argues that if the State's argument regarding the timeliness of the motion for new trial is received, "it goes to the ineffective assistance of Arellano's trial counsel for failing to file the motion within ten (10) days of the jury verdict on February 8, 2017." Because trial counsel's failure to file a timely motion for new trial was neither assigned as error nor discussed in Arellano's initial brief, we do not consider this argument further. See *State v. Harris*, 294 Neb. 766, 884 N.W.2d 710 (2016). See also, *City of Lincoln v. Nebraska Public Power Dist.*, 9 Neb. App. 465, 614 N.W.2d 359 (errors raised for the first time by an appellant in a reply brief will not be considered.); *State v. Chambers*, 241 Neb. 66, 486 N.W.2d 481 (1992)(Because the appellee would have no opportunity to respond, a reply brief cannot be used to raise new matters.)

### 5. CREDIT FOR TIME SERVED

Although the issue was not raised by either party, we note the court plainly erred in applying credit for time served. An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

The district court gave Arellano 95 days' credit for time served on each of the eight offenses. Neb. Rev. Stat. § 83-1,106 (Reissue 2014) provides in part that an offender is to be given credit for time spent in custody as a result of a criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.

Neb. Rev. Stat. § 83-1,106(4) requires the sentencing court to grant credit when a sentence is imposed, and all credit available due to presentence incarceration shall be applied, but only once. *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004). The Nebraska Supreme Court has stated that credit is to be given to only one sentence in one case, recognizing that when an offender receives concurrent sentences, the 'effect' is that credit is applied against each concurrent sentence. *Id.*, See *State v. Sanchez*, 2 Neb. App. 1008, 520 N.W.2d 33 (1994).

Therefore we affirm the sentence for Count I, but modify the sentencing order to strike the 95-day credit granted against the sentences for Counts II through VII.

### VI. CONCLUSION

Arellano waived his claim regarding the court's denial of his motion in limine by failing to object to the specific exhibit at trial. Arellano's motion for new trial was not timely filed and is, therefore, a nullity. Accordingly, we do not reach the merits of his claim regarding the trial court's denial of his motion or the merits of his claim regarding the trial judge's communication with the jury as it was supported only by the motion and proceedings on the motion for new trial.

We find Arellano's claims of ineffective assistance of counsel for failing to file a motion to suppress and failing to object to exhibit 5 are without merit. The record is insufficient to

determine whether counsel was ineffective for failing to request recusal of the trial judge. Arellano has not sufficiently argued his claim that counsel was ineffective for failing to call each of his desired, but unidentified, witnesses, to preserve the claim for postconviction review.

We find the court plainly erred in applying credit for time served, accordingly, we affirm Arellano's conviction but modify the sentencing order.

AFFIRMED AS MODIFIED.